■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH SANTOBELLO, Appellant.— On the vacatur by the Supreme Court of the United

States of the judgment of conviction of the defendant rendered in Supreme Court, Bronx County, January 7, 1970, and upon remand by said court of the cause to this court for further consideration (see *Santobello* v. *New York*, 404 U. S. 257) and on the law and in the exercise of discretion, the sentence of the defendant is vacated and set aside and the matter remanded to Supreme Court, Bronx County, Part XII, for resentence by the Justice there presiding and the entry of judgment of conviction thereon. On the record, as held by the United States Supreme Court, the defendant "'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor" (p. 262). It was held that, under the circumstances, this court should "decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced before a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by the petitioner, i.e., the opportunity to withdraw his plea of guilty" (p. 263). On the record, it conclusively appears that the defendant's plea of guilty was entirely voluntary and intended in itself as a complete act and a final disposition of the charges against him, with the sentencing function to be exercised as a matter of course following a performance of the prosecutor's promise. This defendant, not inexperienced in criminal proceedings, and represented by counsel of his choice, knew well the nature and effect of his plea of guilty. He knew that the sentencing function was the responsibility of the court. There was no coercion or overreaching on the part of the prosecution; the prosecutor's promise did not deprive the defendant's guilty plea of the "'character of a voluntary act'"; nor is the vacatur of the plea required on the basis that there is "'an outraged sense of fairness'". (See concurring opinion of Justice Douglas, 404 U. S. 263, 266.) Here, due process and the interests of justice will be fully served by a remand for resentence with the specific performance of the prosecutor's promise. (See, e.g., *People* v. *Keehner,* 28 A D 2d 695, affd. 25 N Y 2d 884; *People* v. *Chadwick,* 33 A D 2d 687.) The dissenter and not the majority would extend the defendant a favor and grant him the very relief he requests. Certainly, our denial of that relief was not intended and should not be construed as making him "a legitimate object of leniency" and we consider the implicit criticism of this court by the dissenter as wholly unjustified. Furthermore, it is our belief that the criticism directed by the dissenter to the District Attorney for recommending acceptance of the plea of guilty is without any foundation. There is nothing whatever to indicate that the District Attorney has not properly exercised his duty and functions after a review of the entire matter. He stands firm in his position and this court is not in any position at this time to evaluate whether the District Attorney could have obtained a conviction of a higher crime; nor should we engage in any speculation as to whether the District Attorney could or should now prosecute on the indictment. Concur — McGivern, J. P., Tilzer, Eager and Capozzoli, JJ.; Steuer, J., dissents in the following memorandum: On this remand from the Supreme Court of the United States, that court left it to the discretion of this court whether to allow the plea of guilty to be withdrawn and the defendant required to plead anew to the original indictment or to direct that the defendant be resentenced on his plea of guilty. The majority has opted for the second procedure in what I cannot but deem to be a most ill advised use of discretion. The defendant, as shown by his probation report which only reflects what is notorious, has an unbroken record of vicious criminality. He

is not amenable to any restraint and is completely asocial. He should be among the last persons to be a legitimate object of leniency. Yet when he was charged with two felonies the Assistant District Attorney recommended that he be allowed to plead to a misdemeanor with a maximum penalty of one year's imprisonment. We are all aware of the strong pressure on the District Attorney's office for the swift disposition of cases and are unfortunately made aware that, due to this pressure, the Assistant District Attorney in the plea bargaining process sometimes succumbs to the temptation to dispose of a troublesome matter by consenting to an inadequate plea. This is rare but not so uncommon that the practice has not been attributed a name in the argot of the criminal element; it is called " giving away the courthouse ". Generally in this court such instances are only revealed collaterally in related proceedings, and each appears as a *fait accompli.* We piously deplore our being powerless to inflict a more realistic sentence. Here we can do something — something recommended by six of the Justices of the Supreme Court who passed upon the case — namely, require the defendant to answer the charges made against him and let his fate depend on the outcome.* Instead, this court is directing the easier way out — easier for all concerned except the public, whose interest is at stake.

---

* I must admit that their reasons differed from mine. Most of the Justices recommended it as a right of the defendant. In this instance I see it also as a right of the People to correct an earlier lapse.