**John William McFADDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 53261, 53262.**

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Frels, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These appeals stem from a conviction for possession of heroin and revocation of probation. In No. 53,261, the State filed a motion to revoke appellant's probation alleging that he committed an offense against the law of this State by possessing heroin. Appellant pled true to the motion to revoke. In No. 53,262, the appellant was indicted for such possession. Appellant waived his right to a trial by jury and pled guilty to the indictment. The original sentence of seven years was imposed in the probation revocation and the trial court assessed punishment at seven years for the conviction for possession of heroin. Al-

though two separate cause numbers were assigned, appellant's pleas of true and guilty were taken at the same hearing, the grounds of error presented in these appeals have been briefed together, and the dispositive issue raised relates to a subsequent hearing concerning both of these causes.

■ The original offense for which appellant was convicted and granted probation was forgery of a sales slip. By his first ground of error, appellant contends that the indictment in that cause contains a fatal variance between the purport and tenor clauses. This indictment alleged that the appellant ". . . did without lawful authority and with intent to injure and defraud, make a false instrument in writing, purporting to be the act of K. Schoenfeld, which false instrument in writing so made was then and there of the tenor following: (sales slip here set out in haec verba)." The sales slip reflects the printed name of the customer as "Kenneth Schoenfeld." Consequently, appellant argues that the purport clause containing the name "K. Schoenfeld" and the tenor clause containing the name "Kenneth Schoenfeld" amount to a fatal variance. We disagree.

In *Ames v. State,* 499 S.W.2d 110 (Tex.Cr. App.1973), we stated that "Any variance between the purport clause and the tenor clause as to whose act the instrument purports to be is fatal. (Citation) This is true even though it was unnecessary to include a purport clause. (Citation)" *Id.,* at 113. However, "If the indictment unnecessarily has a purport clause, the forged instrument itself, *as well as the signature thereto,* will be looked to and may be used for the purpose of avoiding a supposed variance." 3 Branch's Ann.P.C.2d, Sec. 1580 (and cases there cited) (Emphasis added). The signature on the sales slip itself appears as "K. Schoenfeld." Consequently, even though the purport clause contains the name "K. Schoenfeld" and the instrument set out in haec verba in the tenor clause of the indictment contains the printed name "Kenneth Schoenfeld," the signature on the sales slip, "K. Schoenfeld," cures this variance.

Appellant's first ground of error is overruled.

By his second ground of error, the appellant contends that the trial court erred in refusing to allow him to withdraw his pleas of true and guilty when the State failed to honor its part of the plea bargaining agreement.

The record reflects that a hearing was held on January 10, 1975. At this hearing appellant pled true to the motion to revoke and guilty to the indictment. Both pleas were the fruit of a plea bargaining agreement that had been made known to the trial court. The trial court asked the appellant what he understood the agreement to be. The appellant himself and by his attorney acknowledged that the appellant was to receive seven years on the probation revocation and seven years for the possession of heroin charge, both sentences to run concurrently. The prosecutor also acknowledged that this was his understanding of the agreement. The trial court admonished the appellant of the consequences of his pleas and accepted both the plea of true and the plea of guilty. The appellant received his seven-year sentence on the probation revocation at this time. However, he elected to wait the statutory ten days before receiving sentence on the possession of heroin charge.

* On January 20, 1975, the appellant field pro se notices of appeal in both causes. On January 30th, the State filed a written motion to cumulate both seven-year sentences. At this time, the appellant made an oral motion to withdraw his plea of guilty to the indictment on the grounds that the State was failing to abide by its plea bargaining agreement. On January 31, 1975, the appellant filed his written motion to withdraw his plea of guilty to the indictment. No motion was made by the appellant to withdraw his plea of true to the motion to revoke.

On January 30 and January 31, 1975, a hearing was held on the State's motion to cumulate sentences and the appellant's motion to withdraw his plea of guilty. At the conclusion of this hearing, the trial court

granted the former and denied the latter. In so doing, the court imposed sentence on the possession of heroin conviction at seven years to be cumulated with the seven year sentence in the probation revocation. The appellant's attorney filed a notice of appeal after the sentencing on the possession of heroin conviction. At this hearing, appellant, his trial counsel, and the prosecutor testified. The appellant was asked specifically at this hearing whether it was his desire to withdraw his plea of true to the motion to revoke. Appellant answered that he only wished to withdraw his plea of guilty. He further stated that he wished to withdraw his plea of guilty because he did not understand any of the prior proceedings and thought that he was only pleading true to the motion to revoke. This was in direct contradiction to the record of the prior hearing on the pleas of true and guilty. During this prior hearing, appellant was carefully admonished of the consequences of his actions.

The prosecutor testified that his part of the agreement was to not actively oppose concurrent sentences. He stated that the reason he was now asking the court to cumulate sentences was because appellant was reneging on his part of the bargain by claiming that he didn't understand any of the prior proceedings. However, the hearing at which appellant made his claim of misunderstanding was held subsequent and pursuant to the motion to cumulate.

Both sides gave testimony that an agreement not to appeal was never part of the plea bargaining agreement. The prosecutor testified that he did not file the motion to cumulate because appellant was appealing both matters. However, the only thing that transpired between the time the pleas were taken and the time the motion to cumulate was filed was appellant's pro se filing of his notices of appeal. The appellant testified that it was his intention all along to appeal both matters.

■ We need not pass on the question of whether the right to appeal may be validly waived as part of a plea bargaining agreement, for this question is not before us.

However, our prior decisions dictate that the penalization of the exercise of the statutory right to appeal is a violation of due process of law. *Fisher v. State,* 511 S.W.2d 506, 509 (Tex.Cr.App.1974); *Cleaveland v. State,* 507 S.W.2d 769, 770 (Tex.Cr.App. 1974); *Colburn v. State,* 501 S.W.2d 680, 683 (Tex.Cr.App.1973).

The only reasonable inference from the records before us is that appellant was being so penalized. Both sides agreed that the right of appeal was not discussed in the bargaining process. The prosecutor testified that appellant's notices of appeal were not the cause of his motion to cumulate. The prosecutor testified that there were many reasons for his motion to cumulate, but was unable to articulate any of them other than that appellant was now seeking to withdraw his plea of guilty subsequent to the motion to cumulate. As stated, the only thing the record reflects as occurring between the pleas and the motion to cumulate was appellant's pro se notices of appeal. However, at the hearing on the motion to cumulate, appellant testified that subsequent to his notices of appeal he was brought before the court and the court informed him that he could be placing himself in jeopardy by appealing, since the State usually filed a motion to cumulate in such instances. There are no court reporter notes of this interim hearing included in the records before us. However, the testimony of the occurrence by the appellant at the hearing on the motion to cumulate was not disputed nor corrected by the trial court for purposes of the record.

■ We hold that the appellant was penalized for exercising his statutory right of appeal by the prosecutor's failure to live up to the State's part of the plea bargaining agreement. However, the question remains as to what relief should be accorded appellant. He contends that he should be allowed to withdraw both his plea of true and his plea of guilty. We cannot find a basis in the record for allowing the withdrawal of the former. Appellant never moved the court to withdraw his plea of true. Appellant's motion to withdraw his plea of guilty

was exactly that: It related only to the plea of guilty to the indictment for possession of heroin. Appellant was specifically asked at the hearing on the motion to cumulate whether he wished to withdraw his plea of true to the motion to revoke. Appellant replied that he only wished to withdraw his plea of guilty to the indictment.

Under *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), we may decide whether the appellant should be allowed to withdraw his plea of guilty or whether the case should be remanded to the trial court for resentencing by a different judge pursuant to specific performance of the agreement that fostered the plea.

We conclude that the appellant should not be allowed to withdraw his plea of guilty. The record reflects that he was carefully admonished of the nature and consequences of his plea, that such plea was voluntarily given and that the stipulation of evidence supporting such plea was voluntarily entered into. The appellant should not be allowed to withdraw his plea of guilty because of the subsequent bare allegation that he didn't understand the nature of the proceedings.

Consequently, the relief that should be accorded should be the alternate relief of remanding for resentencing by a different judge pursuant to specific performance of the prosecutor's promise. This was also the conclusion reached by the New York appellate court in *Santobello* after determining the plea to be voluntarily given in its opinion on remand from the U.S. Supreme Court. *People v. Santobello,* 39 A.D.2d 654, 331 N.Y.S.2d 776 (App.Div.1972).

To remand for resentencing, in accordance with this opinion, would be to require a mere formality. Consequently, the judgment in No. 53,262 is reformed so that sentence in that cause will run concurrently with the sentence in No. 53,261. Art. 44.24(b), V.A.C.C.P. *See also, Colburn, supra,* at 683.

The judgment in No. 53,261 is affirmed.

As reformed, the judgment in No. 53,262 is affirmed.