**THI VAN LE, Relator,**

v.

**The Honorable Bob PERKINS, Judge, Respondent.**

**No. 14577.**

Court of Appeals of Texas, Austin.

Nov. 27, 1985.

Rehearing Denied Dec. 18, 1985.

Bennie E. Ray, Austin, for relator.

Terrence Keel, Asst. Dist. Atty., Ronald Earle, Dist. Atty., for respondent.

Before POWERS, EARL W. SMITH and BRADY, JJ.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

EARL W. SMITH, Justice.

Relator, Thi Van Le, is under indictment for murder in Travis County cause number 78,754. This cause is presently pending in the 331st Judicial District Court, of which respondent, the Honorable Bob Perkins, is judge. On October 23, 1985, relator filed in this Court an application for writ of mandamus, together with a motion for leave to file same, requesting this Court to order respondent to "proceed with sentencing under the terms and conditions of the plea bargain agreement offered to Relator on September 16, 1985, accepted by Relator and the Trial Court, and subsequently withdrawn by the Attorneys for the State of Texas." On October 25, 1985, this Court granted relator's motion for leave to file his application for writ of mandamus, directed respondent to file a response to the application, and set the cause for oral argument.

I.

We first determine our jurisdiction to hear this cause. Effective June 19, 1983, former Tex.Rev.Civ.Stat. art. 1824 was amended to read as follows:

Said Courts [of Appeals] or any Justice thereof, in vacation, may issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court.

Tex.Rev.Civ.Stat.Ann. art. 1824 (Supp. 1985). This statute has now been recodified without substantive change as Tex. Gov.Code § 22.221(b). 1985 Tex.Sess.Law Serv., ch. 480, § 1, at 3386. Had the legislature meant to restrict the mandamus jurisdiction of the courts of appeals to civil cases only, it could easily have done so when it amended former art. 1824. The passage of this amendment resolved whatever questions existed as to the jurisdiction of courts of appeals to issue extraordinary writs in criminal cases. *See Wright v. Dunn*, 624 S.W.2d 671 (Tex.App.1981, orig. mand. proceeding). We hold that under Tex.Gov.Code § 22.221(b), the courts of appeals have mandamus jurisdiction virtually identical to that of the Supreme Court and the Court of Criminal Appeals. *Jacolos v. Moss*, 682 S.W.2d 364 (Tex.App.1984, orig.

mand. proceeding), pet. dism'd, *Jacolos v. State,* 692 S.W.2d 724 (Tex.Cr.App.1985); *Wolff v. Thornton,* 670 S.W.2d 764 (Tex. App.1984, orig. mand. proceeding).

## II.

On September 16, 1985, relator appeared before respondent and indicated his desire to enter a plea of guilty to the charged offense. After questioning by respondent to ascertain that appellant was knowingly and voluntarily waiving his rights to remain silent and to confront the witnesses against him, the following colloquy took place:

THE COURT: Okay, and you understand, Mr. Le, that this is a first degree felony that they are charging you with in this case and that therefore, it is punishable by life in the penitentiary or by a term of years in the penitentiary anywhere from 5 to 99 years and by a fine of up to $10,000?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, and do you-all have a plea negotiation in this case?

MS. KENNEDY [assistant district attorney]: Yes, Your Honor.

THE COURT: Do you understand that the Court is not bound to accept—that I don't have to accept anything that the State says that they recommend as to your sentence in this case? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand if I do not follow what the State recommends, in that case, you would be allowed to withdraw your plea of guilty, to take back your plea of guilty and get a new trial and that nothing you have said today could be used against you?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, and do you understand on the other hand if the Court does accept what the State does recommend in terms of your punishment, in that case, you would not be able to appeal this case without my permission, except for matters raised by pretrial motion? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, what is the State's negotiated plea?

MS. KENNEDY: 25 years in the Texas Department of Corrections.

THE COURT: Okay.

MR. RAY [defense counsel]: Your Honor, on top of that, we're going to ask for a PSI and ask the Court to consider all the facts, but that is the recommendation.

THE COURT: Okay. Mr. Le, let me state to you that it is my intention to accept the State's recommendation at this time. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, and do you understand that if the Court proceeds to sentencing then, that you can be given 25 years in the penitentiary and you would not be allowed to appeal or anything else? You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, I'll state to you that it is my intention to follow their recommendation at this time.

Let the record reflect that at this time, the defendant has tendered to the Court a written waiver of jury trial which has previously been approved by the State and is approved by the Court at this time. In addition to that, it is a written waiver of the other rights which I had mentioned, which the Court also approves of, and it is a written plea of guilty to the charge of murder as alleged in the indictment in this cause.

Now, Mr. Le, knowing everything which I have told you in terms of your constitutional rights and in terms of the other admonishments that the Court has given you, I will ask you now, sir, is it still your desire to plead guilty as it states here on this written plea form?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. On this plea form, sir, you've indicated your desire to testify.

At this point, relator was sworn as a witness and entered his judicial confession to

the charged offense. In essence, relator admitted his guilt as a party to the alleged murder, and asserted that he did not personally commit an assaultive act against the deceased.

At the conclusion of relator's testimony, respondent entered a finding of guilt:

Mr. Le, at this time, the Court—based upon your plea, your written judicial confession, and your verbal testimony and these exhibits, the Court does find you guilty of the offense of murder.

The Court in finding you guilty of the offense of murder does find you guilty as a party to murder and not that you yourself actually committed the murder. The State has—the State is in agreement with Mr. Le's testimony as to how the event occurred?

MS. KENNEDY: Yes, Your Honor.

THE COURT: Is that right? All right. Mr. Le, in terms of finding you guilty, the law requires that I do make a finding as to whether or not you yourself used a deadly weapon in this case. The law further requires that that deadly weapon is one that must be used by you personally or not.

In other words, if somebody else used a deadly weapon in the case, you're not charged with that. I cannot find you guilty of that. So in view of your testimony here that the—that you yourself did not actually use a deadly weapon during the commission of this offense and further in view of the State's agreement with your testimony that that is true, the Court does not find that you used a deadly weapon in this case.

On punishment, is—does the State have a recommendation?

MS. KENNEDY: 25 years in the Texas Department of Corrections.

THE COURT: It's my understanding that you-all are agreeing to that in terms of being a plea bargain but that you-all are further asking that the Court look at it again after a presentence report and possibly do something lower than 25; is that right?

MR. RAY: Judge, that is correct. I would—

THE COURT: Let me just make sure that the record is clear on this, Mr. Ray. You—basically, you're stating that you-all are accepting the 25 as being the maximum ceiling and that that's what you-all are agreeing to and you understand that I could go lower than that but you-all's agreement is that I would go no higher than 25.

MR. RAY: That is correct.

THE COURT: Are you persuaded of the fact that the defendant clearly understands that the Court can and very probably will give him 25 years in the Texas Department of Corrections and that being the case, that he would not be allowed the right to appeal and he does understand, does he not, that he is very definitely looking at 25 years in the Texas Department of Corrections?

MR. RAY: That is correct, Your Honor, he does.

THE COURT: Okay, and Mr. Le, you do understand that pursuant to you-all's plea negotiation in this case, that I could give you 25 years in the Texas Department of Corrections under this agreement. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, you understand it's also possible that—for me to go lower than 25 years but that 25 is a distinct possibility. It's a very good possibility in this case, I can give you 25. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. All right. At this time, Mr. Le, pursuant to the plea negotiation that you-all have entered into, I will not actually assess punishment at this time.

I will state to you that the maximum punishment that I would be giving you in this case would be 25 years pursuant to the State's plea negotiation. However, it is possible that I would go lower than—that I would give you something less than 25 years in view of your testimony, in view of the letter that you've sub-

mitted to the Court and all of the evidence in this case. It's a possibility that I would do less than 25 and I'm not really sure how much that would be. The Court will order that a presentence investigation be done by the probation department. And Mr. Le, let me ask you before I do that, though, you are stating that it is your agreement with the State that 25 years would be a fair sentence in this case or that your agreement is that 25 years is the plea negotiation; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. All right. Court will order that a presentence investigation be done by the probation department, and I'm going to reset sentencing in this cause for next Monday, 9/23, at nine o'clock.

On September 30, 1985, when relator's case was recalled, the following events took place:

THE COURT: Okay, Mr. Le, at an earlier date, you had entered a plea of guilty to the charge of murder, and at that time, the State had recommended and the Court had accepted their recommendation and—of 25 years confinement in the Texas Department of Corrections.

At that time also, the Court ordered that a presentence investigation be done by the probation department. Subsequent to that time, Mr. Le, Ms. Kennedy has informed me that she has talked to one of the victims in this case that survived this assault and that that victim gave to her information which was not contained in their file, that they had not known about at the time that they made their 25 year recommendation and in addition to that, that it was not contained in the police file either.

So in other words, that was new information that the State had never had before. Once they got that information, they now feel that you were not truthful with them when you testified here the other day when they had offered 25 years. They also feel that your involvement in this case was much more than they had

originally thought. Therefore, they are not recommending 25 years in the penitentiary for you at this time. So the State has withdrawn their plea bargain offer in this case.

Mr. Le, I'll state to you that it was the Court's intention to accept the State's plea bargain recommendation of 25 years which they had made at an earlier date based on the facts which the Court knew about at that time. However, based on the information that they have now procured, the Court is in agreement with the State's withdrawal of that 25 year sentence recommendation and the Court at this time states to you that the Court will not accept the 25 years that I'd previously assessed in this case.

That being the case, I take it that you do wish to withdraw your plea of guilty; is that correct, sir?

MR. RAY: If I understand correctly, the Court is not going to assess the defendant 25 years at this time.

THE COURT: That's right. I am striking the assessment that I'd earlier made of 25 years and I will not be sentencing him to 25 years.

MR. RAY: We are not willing at this point to allow—we're not willing at this point to proceed without a recommendation and fix terms of years and just leave it open for the Court.

THE COURT: Okay. Let me ask then, you do wish to waive—do you wish to withdraw the plea of guilty or not?

MR. RAY: Yes, Your Honor.

THE COURT: You do wish to withdraw that.

MR. RAY: Well, our position is, Judge, that we feel that a plea was negotiated in good faith, was accepted by this Court and the only thing left was whether or not the Court would consider a less punishment.

THE COURT: I understand.

MR. RAY: We now have a [sic] out-of-court statement which is apparently made by one of the—one of the people who was the victim in this which has never been made before, and I think that

had they had the information, if it had in fact—if it was in fact truthful, it probably would have not affected the plea bargain and it is our position that we're entitled to a sentence of 25 years at this time.

THE COURT: Okay. Let me state this to you, Mr. Ray. The State's offer of 25 years I believe to have been made with the understanding that Mr. Le did not actually stab anyone on the day—on the night in question. The information—it's my understanding the information that they have now received is that in fact Mr. Le did stab someone. In fact, that he actually stabbed the deceased in this case.

I don't know whether that's true or not. My accepting of the 25 years was based on the information that I had, that he had not in fact stabbed anyone. If it's true, that in fact he did stab someone, then basically all the understanding that I had of the case is incorrect, and that being the case, I'm not going to accept 25 years.

Therefore, I'm stating to you that the Court is striking the plea bargain that had previously been made, and I am not going to sentence him to 25 years, and I'm not—I'm going to withdraw the assessment of punishment that I'd previously made.

That being the case, I assume that the defendant does wish to withdraw his plea of guilty at this time.

MR. RAY: We wish to be sentenced to 25 years but in light of the Court—the Court will not sentence him to 25 years, and we're withdrawing the plea with the understanding that it is our desire to be sentenced to 25 years and therefore, we are left no alternative but to withdraw the plea.

THE COURT: All right. I understand. Okay, you're basically—you just basically want to preserve error, if any error has been made.

MR. RAY: That's correct.

The docket sheet entry for September 30 reads, "Plea of guilty *withdrawn by the court.*" (Emphasis added).

Appellant contends that, because the recommended punishment of imprisonment for 25 years had been accepted by the trial court and a finding of guilt entered on September 16, neither the prosecutor nor respondent were authorized to withdraw from the plea bargain agreement on September 30. Citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), appellant asserts he has a right to demand specific performance of the plea bargain agreement, that respondent has no discretion to refuse specific performance, and that this Court may issue the writ of mandamus to direct respondent to carry out his mandatory duty.

### III.

In *Ex parte Williams,* 637 S.W.2d 943 (Tex.Cr.App.1982), cert. denied, 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983), the court succinctly summarized the case law with respect to plea bargaining as follows:

> Essentially, plea bargaining consists of the prosecutor making concessions regarding specific punishment, lesser charges, or the reduction of counts which comprise the charging instrument in exchange for the defendant's concession as to his plea of guilty or plea of nolo contendere. The United States Supreme Court in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), has ratified the use of plea bargaining:
>
> > "Plea bargaining flows from the 'mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial." 434 U.S. at 363, 98 S.Ct. at 668.
>
> When a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise. In effect, he becomes a party to a "contract". *Jones v. Estelle,* 584 F.2d 687 (5th Cir.1978). The "con-

tract" does not become operative until the court announces it will be bound by the plea bargain agreement. Once the court makes such an announcement, the State is bound to carry out its side of the bargain. Compare, *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *De Russe v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979). Likewise, the defendant is bound to carry out his side of the bargain. This Court in *Joiner v. State,* 578 S.W.2d 739 (Tex.Cr. App.1979), speaking in contractual terms, said that when a plea bargain is not kept, the proper relief is either specific enforcement of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case. See also *Santobello v. New York,* supra. This applies to both the State and the defendant. The terms of the plea bargain are left to the parties.

637 S.W.2d at 947. The procedure to be followed when a plea of guilty is entered pursuant to a plea bargain is set forth in Tex.Code Cr.P.Ann. art. 26.13(a) (Supp. 1985):

> Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
>
> . . . . .
>
> (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere. . . .

■ Article 26.13(a)(2) expressly requires the trial court to announce its acceptance or rejection of the plea bargain

agreement "before any finding on the plea," that is, before a finding of guilt is entered.[1] Upon the trial court's acceptance of the agreement and its entry of a finding of guilt, the court is bound to carry out the terms of the agreement. *Ex parte Williams, supra.*

In *McFadden v. State,* 544 S.W.2d 159 (Tex.Cr.App.1976), defendant entered a plea of guilty pursuant to an agreement by which the State would recommend punishment of imprisonment for seven years, to run concurrently with the sentence received in another cause. After being admonished by the trial court, the plea of guilty was accepted and a finding of guilt entered. Later, the prosecutor filed a motion to cumulate the sentences. At a subsequent sentencing hearing, the trial court granted the State's motion, ordered the sentences cumulated, and overruled the defendant's request to withdraw his plea of guilty. On appeal, the court held that the plea bargain agreement had been breached. It further held that the proper remedy was specific performance, rather than withdrawal of the plea of guilty, because the plea had been voluntarily given. Consequently, the court reformed the judgment of conviction to delete the cumulation order.

*McFadden* is relevant to the instant cause in two respects. First, it demonstrates that after it has accepted the plea bargain agreement and entered a finding of guilt, the trial court is bound by the plea bargain agreement. Were this not so, the Court of Criminal Appeals would not have been able to give specific performance by merely reforming the judgment of conviction. Second, *McFadden* holds that where the plea of guilty is voluntarily made and specific performance is practical, specific performance is the preferred remedy when a plea bargain agreement is breached.

In the instant cause, respondent unconditionally accepted the plea bargain agree-

---

1. Contrary to the argument advanced by counsel for respondent during argument before this Court, art. 26.13 does not require the trial court to accept or reject the plea bargain agreement before hearing evidence.

ment, including the punishment recommendation of imprisonment for no more than 25 years, and proceeded to enter a finding of guilt. By so doing, respondent bound himself to carry out the terms of the agreement. His failure to do so constitutes a breach of the plea bargain agreement.

We are not persuaded by respondent's argument that because a presentence report was ordered, he retained the right to withdraw his acceptance of the recommended punishment. Tex.Code Cr.P.Ann. art. 37.07, § 3(d) (Supp.1985), which authorizes the use of presentence reports in determining punishment, presupposes that the trial court has discretion with respect to the punishment to be assessed. In the instant cause, however, the parties to the plea bargain contractually agreed to a maximum term of imprisonment, and further agreed that the presentence report would be considered for possible mitigation of that punishment *only*. The agreement left respondent without discretion to assess punishment in excess of 25 years. Having agreed to limit his consideration of the presentence report in this way, respondent cannot point to the contents of that report to justify his breach of the plea bargain agreement.[2]

Further we do not agree with respondent's argument that relator has forfeited his right to specific performance by electing to withdraw his plea of guilty. The docket sheet entry for September 30 states that the plea of guilty was withdrawn "by the court." An examination of the court reporter's notes confirms the essential accuracy of this notation. Although relator did withdraw his guilty plea after respondent announced his refusal to follow the plea bargain agreement, relator clearly preserved his right to seek specific performance of the agreement.

Finally, while this argument is not advanced by respondent in his reply to relator's application, it has been suggested that a defendant who obtains a promise of concessions by misrepresenting the material facts may be disentitled to complain of a breach of the plea bargain agreement. 2 LaFave and Israel, Criminal Procedure § 20.2 at 593 (1984). This is in keeping with the tendency to view a plea bargain agreement as a contract. *See Ex parte Williams, supra.* In the instant cause, respondent withdrew his acceptance of the punishment recommendation on the basis of a hearsay statement concerning relator's involvement in the charged offense that differed from relator's testimony. However, the prosecutor made no effort to demonstrate for the record the truth of this statement, and respondent acknowledged, even as he withdrew his acceptance of the agreement, that he did not know whether the statement was true. Under the circumstances, it cannot be concluded that relator was guilty of fraud in the inducement of the plea bargain agreement so as to estop him from seeking specific performance.

### IV.

There are two prerequisites that must be met before a writ of mandamus will issue: (1) the act sought to be compelled must be ministerial, as distinguished from discretionary, and (2) the petitioner must not have an adequate remedy at law. *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr. App.1979). We have already held that by unconditionally accepting the plea bargain agreement, respondent bound himself to assess punishment at imprisonment for no more than 25 years. A trial court may be directed by mandamus to enter a particular judgment if it is the only proper judgment that can be rendered in the circumstances.

---

**2.** Also contrary to the argument advanced by counsel for respondent, our holding does not prevent the use of presentence reports where there is a plea bargain agreement involving a specific punishment recommendation. The parties may agree that the trial court's acceptance of the agreed punishment is conditional, and that the court may withdraw its acceptance of the agreement upon consideration of the presentence report. In such cases, of course, the defendant must be allowed to withdraw his plea of guilty if the trial court subsequently refuses to assess the recommended punishment. *See Escobedo v. State*, 643 S.W.2d 243 (Tex.App.1982, no pet.).

*Thomason v. Seale,* 122 Tex. 160, 53 S.W.2d 764 (1932); *Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978); 37 Tex. Jur.2d Mandamus § 48 (1962). We find the first prerequisite to be met in this cause.

We are also satisfied that relator has no other adequate remedy. Specifically, we find that appeal is not a satisfactory remedy. Relator has an immediate right to specific performance of the plea bargain agreement. To require him to go through a complete trial in order to assert this right to which he is now entitled would be to require a mere formality, and would be wasteful of both time and money. A remedy by appeal will not prevent the issue of mandamus if that remedy is inadequate or tedious. *Id.* § 14 at 608.

V.

We hold that by refusing to assess punishment at imprisonment for 25 years and withdrawing relator's plea of guilty, respondent violated the plea bargain agreement; that relator is entitled to specific performance of that agreement; and that mandamus is the proper vehicle by which appellant may assert that right. Accordingly, a writ of mandamus will issue directing respondent, the Honorable Bob Perkins, to enter a judgment of conviction against relator, Thi Van Le, in Travis County cause number 78,754, in accordance with the binding plea bargain agreement entered into September 16, 1985.