TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00470-CR


NO. 03-94-00471-CR


NO. 03-94-00508-CR


and


NO. 03-94-00509-CR







Ruben Antonio Ybanez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NOS. 0942109, 0942110, 0941070 & 0941064 


HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







PER CURIAM


 In numbers 3-94-470-CR and 3-94-509-CR, appellant was convicted of retaliation
and possession of more than four ounces but less than five pounds of marihuana. In each cause,
punishment was assessed at imprisonment for ten years, imposition of sentence was suspended,
and appellant was placed on community supervision for ten years. In numbers 3-94-471-CR and
3-94-508-CR, the district court found that the evidence substantiated appellant's guilt of
aggravated assault, deferred further proceedings, and placed appellant on community supervision
for ten years. 

 The State urges that these appeals must be dismissed because notices of appeal were
not timely filed. Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744
S.W.2d 96 (Tex. Crim. App. 1988). In each cause, sentence was suspended or adjudication was
deferred on June 23, 1994. On July 19, appellant signed a pro se "motion to appeal" that was not
filed by the district clerk until August 2. The district court held a hearing on the motion on
September 1. The court announced at the hearing that it would consider the motion "timely notice
to the Court of Appeals" and "consider his appeal filed in all cases for which he pled." The court
further stated that it was "giving him the right to appeal." 

 We agree with the State that the district court did not have the authority to grant
appellant out-of-time appeals. But in the interest of justice, we suspend the requirements of rule
41(b)(1) and deem the "motion to appeal," which clearly manifests appellant's desire to appeal in
these causes, timely filed. Tex. R. App. P. 2(b), 41(b)(1). It is apparent from the record that
appellant has the district court's permission to appeal. Tex. R. App. P. 40(b)(1); Riley v. State,
825 S.W.2d 699, 701 (Tex. Crim. App. 1992).

 In two points of error, appellant contends the district court erred by failing to abide
by the terms of the plea bargain agreements. To understand appellant's contention, it is necessary
to recite the procedural history of these causes.

 Each cause was referred to a magistrate for entry of a negotiated guilty plea. On
May 12, 1994, appellant appeared before the magistrate and pleaded guilty in each cause after
being properly admonished. The details of the plea bargain agreements were then stated for the
record. In broad outline, the agreements were as summarized in the first paragraph of this
opinion. In the two causes in which appellant was to receive "regular" community supervision,
it was agreed that appellant would serve 180 days in jail as a condition of supervision. At the
conclusion of the hearing, the magistrate announced, "I accept the State's plea bargain agreements
in these cases. Because I am accepting these agreements, I accept your guilty pleas . . . ." The
magistrate signed written recommendations to the district court in accord with the plea bargains.

 On May 19, appellant again appeared before the magistrate. The magistrate
informed appellant that based on information contained in the presentence investigation report,
"I'm not going to give you six months in the hotel at Del Valle." The magistrate continued,
"Now, because you have got a drug problem I don't have any problem in sending you to a drug
bed, which is six months in a drug bed. But you're not going to be getting six months probation
from me. I'm rejecting the plea bargain at this time."

 On June 23, appellant appeared before the district court. The court shared the
magistrate's misgivings about the terms of the plea bargain agreements and stated that it "would
change the plea bargain agreement to include ten years probation with commitment to the SAFPF
Program at the Institutional Division for a period of a minimum of six months to a maximum of
a year." The court informed appellant that he had the right to withdraw his guilty pleas because
the court was not accepting the original plea agreement. After conferring with counsel, appellant
declined to withdraw his pleas. The court then pronounced its judgments and orders deferring
adjudication. Instead of the 180 days in jail originally agreed upon, the conditions of probation
require appellant remain in a substance abuse felony punishment facility for no more than one
year.

 Appellant contends the district court was not authorized to change the conditions
of probation originally agreed upon by the State and appellant, and accepted by the magistrate at
the May 12 proceeding. Appellant argues that the magistrate's acceptance of his guilty pleas
pursuant to the original plea bargain agreements bound both the magistrate and the district court
to the terms of the agreements. Appellant urges that he is entitled to specific performance of the
original agreements.

 Appellant relies on the opinions in Perkins v. Third Court of Appeals, 738 S.W.2d
276 (Tex. Crim. App. 1987) (original proceeding), and Thi Van Le v. Perkins, 700 S.W.2d 768
(Tex. App.--Austin 1985) (original proceeding). In these opinions, it was held that a district court,
by accepting a plea bargain agreement and adjudging the defendant guilty, bound itself to carry
out the terms of the agreement. Neither opinion speaks to the question presented in these causes,
whether a magistrate's acceptance of a plea bargain agreement is binding on the referring district
court. 

 In Travis County, a judge may refer any criminal case to a magistrate for a
negotiated plea of guilty and sentencing. Tex. Gov't Code Ann. § 54.976(a)(1) (West Supp.
1995). In such a case, the magistrate may accept the negotiated guilty plea, enter a finding of
guilt and impose or suspend sentence, or defer adjudication of guilt. Id. § 54.978(a)(13). At the
conclusion of the proceedings, the magistrate must transmit to the referring court any papers
relating to the case, including the magistrate's findings, conclusions, orders, recommendations,
or other action taken. Id. § 54.981(a). The referring court may modify, correct, reject, reverse,
or recommit for further information any action taken by the magistrate. Id. § 54.982(a). The
magistrate's action becomes the decree of the court if the court does not exercise its authority to
modify or reject the action. Id. § 54.982(b).

 Under this statutory scheme, no act of the magistrate is legally binding unless and
until it is adopted by the referring court. Kelley v. State, 676 S.W.2d 104, 107 (Tex. Crim. App.
1984); Christian v. State, 865 S.W.2d 198, 202 (Tex. App.--Dallas 1993, pet. ref'd); Omura v.
State, 730 S.W.2d 766, 767-68 (Tex. App.--Dallas 1987, pet. ref'd) (interpreting similar statutes
applicable in Dallas County). By the express terms of section 54.982(a), the referring court may
reject or modify any action taken by the magistrate. Thus, while a magistrate can agree to a plea
bargain and recommend its acceptance, the magistrate cannot bind the referring court to the terms
of the agreement. Appellant's contention that the actions of the magistrate on May 12 bound the
district court to the original terms of the plea bargain agreements is without merit. 

 The district court did not exceed its authority by rejecting the terms of the plea
bargain agreement originally presented to and accepted by the magistrate. Appellant waived his
right to withdraw his guilty pleas and is not now entitled to specific performance of the original
agreement. Points of error one and two are overruled.

 In cause numbers 3-94-470-CR and 3-94-509-CR, the judgments of conviction are
affirmed. In cause numbers 3-94-471-CR and 3-94-508-CR, the orders deferring further
proceedings without adjudication are affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 7, 1995

Do Not Publish