**In re Sharron HALL, Relator.**

**No. 12–01–00065–CV.**

Court of Appeals of Texas,
Tyler.

March 23, 2001.

Rehearing Overruled Aug. 21, 2001.

 

Edward J. Marty, Tyler, for real party in interest.

Mark W. Breding, Tyler, for relator.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

WORTHEN, Justice.

Relator Sharron Hall ("Relator") brings this petition for writ of mandamus complaining of the trial court's denial of her Motion for Specific Performance or Dismissal of Indictment and Plea of Double Jeopardy. For the reasons stated below, we deny the petition for writ of mandamus.

## BACKGROUND

On August 13, 1997, Relator was indicted for Possession of a Controlled Substance ("PCS") in cause number 007–81141–97. The indictment alleged that this offense occurred on or about May 17, 1997. On February 11, 1998, Relator entered a plea of guilty in open court to the charge of PCS pursuant to a written plea bargain agreement. In the plea agreement, the State agreed to recommend deferred adjudication probation for a term of ten years in exchange for Relator's plea of guilty. The plea agreement also contained the words, "No prosecution for any events that occurred on or about Sept. 27, 1997." [1]

Thereafter, the State sought to indict Hall for PCS and for two charges of Aggravated Assault on a Peace Officer. On April 17, 1998, the Smith County Grand Jury returned three separate indictments on these charges in cause numbers 007–80430–98, 007–80431–98, 007–80432–98 ("the April 17 indictments"). Each of the indictments alleged that the offense occurred on or about September 25, 1997.

In each cause number, Relator filed a Motion for Specific Performance or Dismissal of Indictment and Plea of Double Jeopardy. In these motions, Relator contended that the State breached the plea agreement in cause number 007–81141–97 by seeking indictments for offenses that occurred on or about September 27, 1997. Relator argued that because of the State's failure to adhere to the plea agreement, the trial court should dismiss the indictments in cause numbers 007–80430–98, 007–80431–98, 007–80432–98 with prejudice. After a hearing on October 6, 1998

---

**1.** On February 28, 1998, the trial court accepted Relator's plea of guilty but, pursuant to the State's recommendation, deferred a finding of guilt and placed her on deferred

adjudication probation for ten years. Subsequently, Relator was adjudicated guilty of this offense, her probation was revoked and she was sentenced to eight years of confinement.

on the motion in cause number 007–80432–98, the trial court denied Hall's double jeopardy claim, but took her request for dismissal of the indictment because of the State's failure to comply with the plea agreement under advisement. On July 21, 1999, the trial court signed an order in that cause number denying Relator's motion.[2] In findings of fact contained in the order, the trial court found, in essence, that the State's pursuit of the charge contained in the indictment violated "due course of law," but that he did not have the authority to dismiss the indictment. On February 9, 2001, the trial court set all three cause numbers for trial on March 26, 2001.

### ANALYSIS

 In her petition for writ of mandamus,[3] Relator argues, as she did below, that the State breached the plea agreement in cause number 007–81141–97 by seeking indictments for offenses that occurred on or about September 27, 1997.[4] She asks this Court to grant a writ of mandamus directing the trial court to dismiss the April 17 indictments with prejudice.

To obtain relief through writ of mandamus, a relator must establish that 1) no other adequate remedy at law is available and 2) the act he seeks to compel is ministerial, rather than discretionary, in nature … An act is 'ministerial' if it constitutes a duty clearly fixed and required by law and if the duty to be performed is described with such certainty that nothing is left to the exercise

of discretion or judgment. We have no authority in criminal cases to issue a writ of mandamus to compel a trial judge to perform an act unless the trial judge has a clear legal duty, ministerial in character—as distinguished from discretionary—, to perform the act. *Skeen v. Kent,* 932 S.W.2d 585, 588 (Tex. App.—Tyler 1995, orig. proceeding). Although Relator contends that the dismissal of the April 17 indictments is ministerial, she cites no authority, and we have found none, where mandamus relief was granted to compel the trial court to dismiss an indictment based on the State's failure to adhere to a plea agreement.

To support her contention that mandamus relief is appropriate, Relator primarily relies on *Thi Van Le v. Perkins,* 700 S.W.2d 768, 776 (Tex.App.—Austin 1985, orig. proceeding), *approved sub nom. Perkins v. Court of Appeals for the Third Supreme Judicial District of Texas, at Austin,* 738 S.W.2d 276 (Tex.Cr.App.1987). In *Thi Van Le,* the trial court accepted a plea bargain agreement containing a punishment recommendation of confinement for no more than twenty-five years, and proceeded to enter a finding of guilt. Thereafter, the trial court informed the defendant that it would not be bound twenty-five years agreed to previously. The Third Court of Appeals concluded that mandamus relief was appropriate to direct the trial court to enter a judgment of conviction in accordance with the plea bargain agreement. Here, Relator does not complain that the trial court has failed to adhere to a plea agreement. Instead, Re-

---

**2.** Apparently, the trial court did not sign orders in the remaining cause numbers.

**3.** The double jeopardy implications raised by her plea in the trial court are not before this Court in this mandamus proceeding. Accordingly, they are not addressed in this opinion.

**4.** We note that in the State's response to Relator's petition for writ of mandamus, the State asserts that the language in the plea agreement referring to events that occurred on or about September 27, 1997 does not encompass the offenses charged in the April 17 indictments.

lator seeks mandamus relief to compel the trial court to dismiss indictments based on the State's failure to comply with a plea agreement. Thus, *Thi Van Le* is distinguishable from the instant case.

Although, in the context of an appeal, the Court of Criminal Appeals has remanded a case to the trial court for dismissal of an indictment due to the State's failure to comply with a plea agreement, *Gibson v. State*, 803 S.W.2d 316, 317 (Tex. Crim.App.1991), neither it nor any other appellate court has granted mandamus relief to require dismissal of an indictment due to the State's failure to comply with a plea agreement. The holding in *Gibson* alone does not compel the conclusion that the act of dismissing an indictment is clearly fixed such that nothing is left to the exercise of discretion or judgment, *i.e.* that the act is ministerial in character. Moreover, given the limited record before us and the State's contention that a factual dispute exists concerning the parameters of the plea agreement, we decline to extend the holding in *Gibson* to the instant mandamus proceeding.

Based on the foregoing and having carefully reviewed the record, we conclude that Relator has failed to show that she is entitled to mandamus relief. Accordingly, the petition for writ of mandamus is *denied.*