UNITED STATES of America, Plaintiff-Appellee,

v.

Fred HILL, Defendant-Appellant.

No. 77–5276
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1977.

Donald C. Beskin, Atlanta, Ga., for defendant-appellant.

William L. Harper., U. S. Atty., Atlanta, Ga., Ann T. Wallace, Atty., App. Section Criminal Div., Dept. of Justice, Jerome M.

---

* See, United States v. Gamboa, 543 F.2d 545 (5th Cir. 1976).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1180**

Feit, John H. Burnes, Jr., Atty., William L. McCulley, Sp. Atty., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

In May, 1976, the appellant was indicted for conspiracy to possess, with intent to distribute, cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

In June, 1976, the District Court for the Northern District of Georgia issued a writ of *habeas corpus ad prosequendum*, directing that the appellant be brought from prison in California to Georgia for arraignment. He was brought to Georgia and pled not guilty on June 28, 1976.

On November 23, 1976, the appellant moved to dismiss the indictment, on grounds that his trial had not commenced within 120 days of June 28, contrary to the mandate of the Interstate Agreement on Detainers Act, 18 U.S.C.App. § 2. The motion was denied on the grounds that the above writ was not subject to the provisions of the Act.

Following the ruling, the appellant changed his plea to guilty. The lower court approved an agreement to permit the present appeal over the applicability of the Act to the writ of *habeas corpus ad prosequendum*.

The issue raised is an unsettled one, see *United States v. Mauro*, 2 Cir. 1976, 544 F.2d 588, cert. granted, —— U.S. ——, 98 S.Ct. 53, 54 L.Ed.2d 71; *United States v. Scallion*, 5 Cir. 1977, 548 F.2d 1168, petition for cert. pending, No. 76–6659. However, a threshold issue is dispositive of this case.

 We disapprove the practice of accepting a guilty or *nolo contendere* plea coupled with a court-approved agreement that a defendant may nevertheless appeal on nonjurisdictional grounds. *United States v. Sepe*, 5 Cir. 1973, 486 F.2d 1044 (en banc). While a guilty plea does not bar an appeal that asserts that the indictment failed to state an offense, or that the charge is unconstitutional, or that the indictment showed on its face that it was barred by the statute of limitations, *Sepe*, at 1045, none of these grounds for appeal are available in the instant case.

As this Court suggested in *United States v. Mizell*, 5 Cir. 1973, 488 F.2d 97, a guilty plea induced by a court-approved promise that could not be fulfilled cannot be viewed as voluntary. See *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1960).

Accordingly, the judgment must be vacated. The appellant may withdraw his guilty plea which had been conditioned on the agreement disapproved above, and may plead anew.

VACATED and REMANDED.