**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Antonio Mateo LOPEZ,**
**Defendant-Appellant.**

**No. 77–5419.**

United States Court of Appeals,
Fifth Circuit.

April 26, 1978.

Pedro Muniz, pro se.

J. A. Canales, U. S. Atty., Anna E. Stool, George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

**1346**

Eugene P. Spellman, Miami, Fla. (court-appointed), for defendant-appellant.

J. V. Eskenazi, U. S. Atty., Thomas M. Sherouse, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COWEN *, Senior Judge, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant Antonio Mateo Lopez was charged with wilfully, maliciously, and knowingly imparting false information concerning an alleged attempt to place a bomb on a civil aircraft with intent to damage, destroy, and disable such aircraft, in violation of 18 U.S.C. § 35(b).[1] A stipulated statement of facts was filed with the trial court in conjunction with a motion to dismiss. That motion urged that the stipulated facts, viewed in the light most favorable to the government, were insufficient to establish the essential intent element alleged in the indictment. The motion was denied by the district court.

After the denial of the motion to dismiss, an agreement was entered into between the government and the defendant whereby Lopez entered a plea of no contest based upon the stipulated statement of facts and reserved his right to appeal to this Court in the event the district judge found him guilty of the charge as set forth in the indictment. This agreement was brought to the attention of and specifically approved by the district court. The *nolo* plea was accepted and Lopez adjudged guilty on the basis of the stipulated statement of facts. Lopez now brings this appeal, characterizing the issue before this Court as "the factual analysis of the stipulated state-ment of facts and whether or not they constitute the essential element alleged in the indictment." Appellant and the government jointly maintain, not without some persuasive force, that the procedure followed below was "the most appropriate way to have brought this cause before the district court and before this Court" to receive an expeditious and authoritative determination of whether the stipulated facts constitute a criminal offense under 18 U.S.C. § 35(b).

 While mindful of the substantial expenditure of effort on the part of all the parties concerned with this case, we are constrained by prior decisions of this Court. In *United States v. Sepe*, 486 F.2d 1044 (5th Cir. 1973) (en banc), *aff'g* 474 F.2d 784 (5th Cir. 1973), the en banc court stated its disapproval, as a matter of policy, of

> the practice of accepting pleas of guilty or *nolo contendere* if they are coupled with agreements that the defendant may nevertheless appeal on non-jurisdictional grounds.

*Id.* at 1045. The Court has found it necessary to reiterate this expression of disapproval on several recent occasions. *See, e. g., United States v. Halfacre*, 566 F.2d 534 (5th Cir. 1978); *United States v. Hill*, 564 F.2d 1179 (5th Cir. 1977); *United States v. Fernandez*, 556 F.2d 1246 (5th Cir. 1977); *United States v. Mizell*, 488 F.2d 97 (5th Cir. 1973). We can no longer view violations of the *Sepe* policy as isolated incidents. *Cf. Fernandez, supra*, 556 F.2d at 1247. We repeat our earlier admonition: prosecutors and district courts are once again reminded of our statement in *Sepe*; the district courts are directed to cease receiving guilty or *nolo contendere* pleas coupled with agreements that the defendant may nevertheless appeal on nonjurisdictional grounds.

 A guilty or *nolo contendere* plea induced by a court-approved promise that

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. A previous indictment charging the same defendant with the same acts was dismissed for failure to allege an essential intent element of the § 35(b) felony offense. That dismissal was not appealed. The current appeal does not assert an insufficiency in the indictment or raise other jurisdictional defects.

cannot be fulfilled cannot be viewed as voluntary. *Hill, supra,* 565 F.2d at 1180. Accordingly, the judgment must be vacated. The appellant may withdraw his *nolo contendere* plea which had been conditioned on the agreement disapproved above, and may plead anew.

VACATED and REMANDED.