Alan Eugene JOINER, Appellant,

v.

The STATE of Texas, Appellee.

No. 57209.

Court of Criminal Appeals of Texas, Panel No. 3.

March 28, 1979.

H. Thomas Hirsch, Odessa, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ., and CORNELIUS, Commissioner.

## OPINION

WILLIAM J. CORNELIUS, Commissioner.

Appellant was convicted of the offense of delivery of heroin. Punishment was set by the jury at sixty years' confinement.

The sufficiency of the evidence is not challenged. Appellant's only ground of error contends that the trial court erred in overruling his plea in bar of this prosecution. The plea in bar was based upon appellant's allegations that a plea bargain he had made with the prosecutor's office concerning another offense precluded any prosecution for this offense.

Appellant pleaded guilty on July 3, 1976, in Cause No. 8388 in the District Court of Ector County, Texas, to the offense of possession of heroin. Pursuant to a plea bargaining agreement, the charge had been reduced from delivery of heroin to possession of heroin, and appellant was assessed a $6,000.00 fine and ten years probation. Both appellant and the prosecutor's office

agree that as a part of the bargain all charges then "pending" against appellant were to be dropped. The prosecutors checked the records of their office and determined that no other charge was then pending. Some three months later, however, in October of 1976, a narcotics agent who had been working undercover in Ector County filed two charges against appellant for delivery of heroin offenses which had occurred in May of 1976, prior to the guilty plea arising from the bargaining arrangement. Appellant contends that his plea in July of 1976 was intended by all parties to "clear his record" up to that time, and that it was a violation of the state's agreement for it to try him for this offense which occurred prior to the plea bargain. The state argues that the bargain was only to clear appellant's record of all pending charges, and that the agreement cannot and should not be construed to have precluded prosecution for unknown offenses which appellant may have committed prior to the time of the plea.

The trial court conducted an extensive hearing on the circumstances and nature of the plea bargain. Both appellant and the attorney who represented him at the guilty plea testified, as well as several representatives of the prosecutor's office. The prosecutors emphatically denied that there was any misrepresentation of the bargain, or that at the time of making the plea agreement they had any knowledge that appellant had committed other offenses which had not been filed. They testified that they were not aware of the undercover agent's presence in the county at that time, and said that it was not unusual for such an undercover agent to keep all of his cases secret, even from the prosecutors, until he finished his work in a given area and then to file all of the cases covering the entire period.

When a plea rests in any significant degree on a promise or an agreement of the prosecutor, so that it can be said to be a part of the inducement, the promise must be fulfilled. Relief for the failure to keep such a bargain is either specific en-

forcement of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Although appellant was properly admonished by the trial judge who took the guilty plea, and represented to him that he had been given no promise or other inducement for making the plea, formalistic recitations cannot prevent the accused from complaining if the prosecutor later breaches the agreement which induced the plea. *Gallegos v. United States,* 466 F.2d 740 (5th Cir. 1972).

But the evidence here does not demonstrate that the agreement was breached. Indeed, the evidence sustains the trial court's finding that the bargain was kept. The agreement was to drop all pending charges. The prosecutors investigated the pending charges and found only the delivery of heroin charge involved in the bargain, and it was reduced to possession of heroin, for which appellant received probation and a fine. Surely it was not the intent that appellant be given a carte blanche release from any and all other offenses which he may have previously committed, but which were then unknown to the prosecutors. Even appellant does not contend for such an unreasonable interpretation of the agreement; rather, he bases his right to relief on the claim that the prosecutors knew or should have known that he had other drug related offenses, even though they were not then officially filed, and that it was his understanding of the plea bargain arrangement that it would clear him of all such offenses. The evidence certainly does not compel such a conclusion, but in fact is ample to support the trial judge's conclusion to the contrary. That being the case, the action of the trial court in overruling the plea in bar was not error.

The judgment is affirmed.