Ex parte Luis GARCIA.

No. 69350.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 9, 1985.

David Aken, Sinton, for appellant.

Robert Huttash, State's Atty., Austin,
for the State.

## OPINION

ONION, Presiding Judge.

This post-conviction habeas corpus proceeding was brought under Article 11.07, V.A.C.C.P.

Applicant, convicted of robbery upon his plea of guilty before the court, alleges that his plea bargain with the State was broken when the trial judge made an affirmative finding in the judgment that a deadly weapon was used or exhibited during the offense. See Article 42.12, §§ 3f(a)(2) and 15(b), V.A.C.C.P.[1]

Both the original and supplemental applications for habeas corpus filed in the convicting court have been forwarded to this court.

The record reflects that applicant was jointly indicted with Rudolfo Fuentes for aggravated robbery in Cause No. 5831–2 in the 36th district Court of San Patricio County on or about September 3, 1982. While the indictment alleged that applicant Garcia and Fuentes were "acting together," it alleges only that Fuentes "did then and there use and exhibit a deadly weapon, to wit: a firearm."

On February 15, 1983, the applicant waived trial by jury, and with the approval

---

1. Article 42.12, § 15(b), supra, provides:

"A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less."

of the State, entered a plea of guilty to the lesser included offense of robbery. He was duly admonished by the court of the consequences of his plea. See Article 26.-13, V.A.C.C.P. The evidence was stipulated. The prosecutor then expressly recommended to the court a punishment of six years' confinement in the Department of Corrections and a fine of $2,500.00, and asked the court, in accepting this recommended penalty, to take into consideration the applicant's admission of guilt to the aggravated robbery indictment in another cause—5832-2—as the court was permitted to do under V.T.C.A., Penal Code, § 12.45. No mention was made of any finding or non-finding of the use or exhibition of a deadly weapon. The recommendation was accepted by the court, punishment was announced, and sentence was imposed. No appeal was taken.

In the formal judgment the trial judge entered an affirmative finding that a deadly weapon was used or exhibited.

In his sworn allegations, applicant asserts the prosecutor, in agreeing to the plea bargain to the lesser included offense of robbery, assured him as a part of the plea bargain that there would be no finding as to a deadly weapon, and that he relied upon this assurance in entering his guilty plea.

The affidavit of applicant's trial counsel was attached to the pleadings. Counsel stated he was informed by the prosecutor that a finding would be made from the evidence appearing in the stipulation to be signed by the applicant. Counsel stated the stipulation "did not include any language about a deadly weapon" and that no affirmative finding as to such was announced from the bench. Counsel stated he had discussed the matter with the applicant, and applicant had relied on the representation that there was not to be a finding of a deadly weapon in any of his cases when he decided to accept the plea bargain.

Attention is also called to that part of the admonishment wherein the court stated: "So now, considering the charge of robbery which is a lesser included offense of the same nature that is not including the use of a firearm, how does the Defendant plead to that charge?" "THE DEFENDANT: Guilty, ma'am." It is argued that the court thus led the applicant to believe his expectations had been met.

An examination of the stipulated evidence does not show that the applicant ever used or exhibited a deadly weapon. His written judicial confession simply recited his guilt. The offense reports which formed a part of the stipulations reflect the bank teller, who was robbed by Fuentes, did not see him with a gun, and it was not used or exhibited by Fuentes during the course of the robbery.

The reports show another witness and the applicant told police they observed a weapon in the waistband of the robber's pants. It was also reflected that when apprehended Fuentes implicated applicant as being present in the bank if anything went wrong. There was no showing applicant was ever armed.

The State filed no answer to applicant's habeas corpus pleadings and no controverting affidavits. In fact, the prosecutor has made no effort in any fact to controvert the sworn allegations of the applicant.

The trial judge filed her affidavit reciting the details of the guilty plea. She stated, inter alia, that she had misgivings and reservations about the prosecutor's recommended "light" punishment since two serious crimes were involved, but after consideration agreed to accept the recommendation. She deposed that all parties were before the court at the time of the guilty plea and no mention was made of any affirmative finding as to the use of a deadly weapon. She concluded the evidence in both cases showed the use of a deadly weapon. The judge declined to remove the "notation" from the judgment in the robbery case.

Appellant relies upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), where the United States Supreme Court stated that "when a plea rests in any significant degree on a

promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In *Ex parte Rogers*, 629 S.W.2d 741 (Tex.Cr.App.1982), this Court wrote:

"When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement, the State is bound to carry out its side of the bargain. *DeRusse v. State*, 579 S.W.2d 224, Tex.Cr.App. If the prosecution does not live up to its part of a plea bargain and such bargain was used as an inducement for the guilty plea, doubt is raised as to whether a guilty plea under such circumstances can be regarded as truly voluntary. *Bass v. State*, 576 S.W.2d 400, Tex.Cr.App. * * * The appropriate relief for the failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending upon the circumstances of each case. *Joiner v. State*, 578 S.W.2d 739, Tex.Cr.App."

We conclude from the record before us that applicant is entitled to that portion of the relief prayed, to-wit: that the affirmative finding a deadly weapon was used be deleted from the judgment in Cause No. 5831–2 in the 36th District Court of San Patricio County.

It is so ordered.