**Ex parte Perry Gene PRUITT.**

**No. 69375.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1985.

John Stauffer, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gregg Long and Ruth Lown, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. The record reflects that applicant was convicted on a plea of guilty for the offense of aggravated robbery under V.T.C.A. Penal Code, § 29.-03(a)(2). Punishment was assessed by the court at 25 years confinement in the Texas Department of Corrections.

In his application for writ of habeas corpus, applicant alleges that his guilty plea was rendered involuntary because of a broken plea bargain. Specifically, applicant maintains that there was an understanding between him, his attorney, and the district attorney that his "good time" served would be considered when his parole eligibility was determined. This special consideration was necessitated by Art. 42.12, § 15(b),

V.A.C.C.P.,[1] which disallows consideration of good time for parole purposes upon conviction for aggravated robbery. As a result of this understanding between the parties, the terms of the plea bargain were that applicant would plead guilty in exchange for a recommendation of confinement in the Texas Department of Corrections for 25 years. The record also reflects that all parties understood and agreed as a part of the plea bargain that there would be no affirmative finding of the use of a deadly weapon in order to avoid the one-third calendar "flat" time requirement of Art. 42.12, § 15(b), supra, before eligibility for parole.

Based on this understanding, applicant entered his plea of guilty to aggravated robbery. The one-third calendar time requirement, however, was not avoided since it applies when either a conviction for aggravated robbery *or* an affirmative finding of the use of a deadly weapon occurs. By implication, the record shows the trial court also misunderstood the law since it followed the "plea bargain" and did not enter an affirmative finding that a deadly weapon was used.

■ The record reflects and the trial judge agrees in his findings of facts and conclusions of law filed with this application, that this was indeed the understanding between the State and the attorney for applicant.[2] The agreement between the parties concerning the avoidance of serving one-third calendar time before eligibility for parole, as evidenced from the record, elevates this agreement to the status of an element of the plea bargain. See *Ex parte Evans,* —— S.W.2d —— (1985) (Tex.Cr.App. No. 69,364, delivered this date). The issue here concerns a plea bargain entered into and agreed to, the terms of which were impossible to fulfill. "If applicant's understanding of his parole eligibility is manifested as an affirmative part of the plea bargain and that understanding is relied on as an essential part of the quid pro quo for pleading guilty, then applicant's plea is involuntary if that part of the plea bargain is not or cannot be carried out." *Ex parte Evans,* supra. See also *United States v. Lopez,* 571 F.2d 1345 (5th Cir.1978); *United States v. Hill,* 564 F.2d 1179 (5th Cir.1977); *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981). A plea bargain that is broken or not kept renders the plea involuntary. *Ex parte Holmes,* 687 S.W.2d 363 (1985); *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.1979); *Joiner v. State,* 578 S.W.2d 739 (Tex.Cr.App.1979); *Washington v. State,* 559 S.W.2d 825 (Tex. Cr.App.1977); *McFadden v. State,* 544 S.W.2d 159 (Tex.Cr.App.1976). See also *Santobello v. New York,* 404 U.S. 257, 92

---

1. Art. 42.12, § 15(b), V.A.C.C.P., provides in pertinent part:

   "... *If a prisoner is serving a sentence for* the offenses listed in Section 3f(a)(1) [capital murder, aggravated kidnapping, aggravated rape, aggravated sexual abuse, or *aggravated robbery* ] of this Article *or* if the *judgment contains an affirmative finding* under Section 3f(a)(2) of this Article [*that the defendant used or exhibited a deadly weapon* during the commission of an offense or during immediate flight therefrom the trial court shall enter the finding in the judgment of the court], he is not eligible for release on parole until his actual calendar time served, *without consideration of good conduct time,* equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less." [Emphasis supplied.]

2. The trial judge also found that there was confusion concerning the terms of the agreement and applicant's plea. To have the effect of releasing applicant from the one-third calendar time requirement, the bargain would have required that both the "aggravated" portion of the offense and the "affirmative finding" be dropped. This action would also have the effect of reducing the offense to (unaggravated) robbery, a second degree felony, rendering the 25 year plea bargain an impossible agreement since the maximum allowable time penalty for the second-degree felony offense of robbery is 20 years.

S.Ct. 495, 20 L.Ed.2d 427 (1971); and *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Also, "... improper plea bargains render the plea involuntary." *Gibson v. State,* 532 S.W.2d 69 (Tex.Cr.App.1975), *reh'g denied; Ex parte Huerta,* —— S.W.2d —— (Tex.Cr. App. No. 69,352, delivered January 30, 1985); *Garcia v. State,* 682 S.W.2d 581 (Tex.Cr.App.1985); and *Ex parte Young,* 644 S.W.2d 3, 5 (Tex.Cr.App.1983).

■ We find that applicant's plea was involuntary since the terms of the plea bargain were impossible to fulfill. The relief prayed for is granted. The judgment in Cause No. F80–6687–LNM is set aside. Applicant is ordered remanded to the Sheriff of Dallas County to answer the indictment in Cause No. F80–6687–LNM of the 194th Judicial District Court of Dallas County.

It is so ordered.

TEAGUE, Judge, dissenting.

This is a post-conviction application for writ of habeas corpus that was filed in the trial court by Perry Gene Pruitt, applicant, that is before this Court pursuant to Art. 11.07, V.A.C.C.P.

A majority of this Court holds: "We find that applicant's plea was involuntary since the terms of the plea bargain were impossible to fulfill." It then orders that applicant is entitled to relief.

Because of the condition of the record that is before us, and, furthermore, because the joint statement of the attorneys who presently represent the applicant and the State of Texas, upon which the majority relies, is not based upon facts; instead, it is based upon conclusions of the parties, there is need for a full-scale evidentiary hearing to be conducted in the trial court.

The joint statement reflects, inter alia: "Therefore, although the State and Applicant entered into a written plea bargain agreement, *the confusion* concerning the terms of the agreement make it unclear

exactly to what the parties were agreeing. [My Emphasis]. There was no meeting of the minds. Thus, there was no plea bargain." This joint statement is totally unsupported by any facts in the record before us. The affidavit of the attorney who represented applicant states, inter alia: "In the confusion in the courtroom the day this case was tried, my client pled guilty to aggravated robbery and received 25 years imprisonment in the Texas Department of Corrections ... In my opinion, because of the confusion, there was no true agreement between my client and the State with regard to the terms of the plea offered ..." If there was "confusion" in the courtroom that day, pray tell, what on earth was the "confusion"?

An evidentiary hearing needs to be conducted in order that we can know exactly what occurred on the day applicant entered his plea of guilty.

The record before us clearly reflects that applicant was convicted on a plea of guilty to the charge of aggravated robbery, and that this occurred pursuant to the written "Plea Bargain Agreement" that is in the record before us, that was entered into by applicant, his attorney, and the prosecuting attorney. By the terms of the agreement, applicant agreed to plead guilty to the offense of aggravated robbery in exchange for the State recommending punishment to be assessed at twenty-five (25) years' confinement in the Department of Corrections. In addition, it was agreed between the parties that "No finding of firearm exhibited" would be made by the trial judge. Thus, the record clearly reflects that there was a plea bargain agreement and that the agreement was in all things carried out.

Without a full-scale evidentiary hearing having been conducted, the majority holds that applicant's conviction is void because of a broken plea bargain agreement. In light of the record before us, how can this Court state that there was a plea bargain agreement? The trial judge himself, who originally presided over the case, has ex-

pressly found that because of the "confusion" that existed in the courtroom that day there was "no plea bargain." If "confusion" reigned in the courtroom that day, how could there have been a valid plea bargain agreement? If there was "confusion" in the courtroom that day, before deciding whether to grant applicant relief, shouldn't we at least know what the "confusion" was?

There is a right way and a wrong way to dispose of the issue that is before us. The right way is to remand this cause to the trial court in order that a full-scale evidentiary hearing might be conducted. Today, however, the majority takes the wrong way.

In light of the record that is before us, I cannot in good conscience vote to grant applicant relief on the basis that there was a broken plea bargain agreement. I respectfully dissent to the manner in which the issue that is before this Court is being disposed of by the majority.

ONION, P.J., joins.