**Ex parte Jackie Lynn WILSON, Applicant.**

No. 69459.

Court of Criminal Appeals of Texas, En Banc.

July 3, 1985.

Jackie Lynn Wilson, pro se.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is a postconviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P., contesting validity of judgment and sentence entered by the 8th Judicial District Court of Franklin County in its Cause No. 5948. From recent lessons in *Ex parte Evans,* 690 S.W.2d 274 (Tex.Cr.App.1985), and *Ex parte Pruitt,* 689 S.W.2d 905 (Tex.Cr.App.1985), we find applicant is entitled to relief.

Indicted for the offense of aggravated robbery alleged to have been committed by "using and exhibiting a deadly weapon, namely, a shotgun" on or about December 13, 1980, applicant pled guilty to the trial court May 4, 1981, was found guilty of aggravated robbery and received assessment of punishment at twenty years confinement in the Texas Department of Corrections.

In his verified application applicant factually asserts circumstances leading to his plea of guilty.

"*... In exchange for a plea of guilty* in Cause No. 5948, the prosecutor agreed to recommend that Applicant's punishment would be assessed at twenty (20) years confinement ..., and that the prosecutor would not recommend that an affirmative finding that a deadly weapon was used or exhibited during the commission of the offense be made. *The plea bargain agreement was submitted to and approved by the trial court.*

Applicant contends that his plea of guilty ... was not freely, intelligently and voluntarily entered in that his retained attorney advised him *prior to the*

*guilty plea proceeding* that his initial eligibility for parole on a twenty (20) year sentence for aggravated robbery without an affirmative finding that a deadly weapon was used or exhibited during the commission of the offense would be from thirty-six (36) months to sixty (60) months with 'good time credit' [and that] the advice of his retained attorney ... induced the guilty plea in Cause No. 5948." [1]

Finding that applicant had stated facts which, if true, indicate that he might be entitled to relief under *Ex parte Young,* 644 S.W.2d 3 (Tex.Cr.App.1983), we abated the cause and remanded it to the convicting court "to develop those facts." [2] The judge of the convicting court has seasonably done that in the form of affidavits submitted by applicant and his attorney, respectively, and from the record "finds no further unresolved issues of fact ..."

In his affidavit applicant iterated facts to which he swore in his application, and particularly has specified:

"I relied on the advice my attorney gave me regarding my parole eligibility date. I would not have plead guilty to a twenty-year sentence if I had known that I would have to serve a full one-third of my sentence before I could even become eligible for parole."

His attorney swears, *inter alia:*

"I have absolutely no knowledge of any conversation between myself and [applicant] concerning how long he would have to spend in the penitentiary [sic] before being considered for parole.

As a rule I tell the clients that I cannot tell them definitely how long they will have to spend, but on occasion I do try to give them an idea as to how long they will have to spend."

Asserting that he is "well aware" of provisions of Article 42.12, § 15(b), V.A.C.C.P.,

counsel adds that he has "never advised that a violation *involving a deadly weapon,* that the Defendant would be otherwise discharged." Finally, he restates that "I have absolutely no knowledge what, if anything, I told [applicant] in May of 1981."

While the judgment naturally adjudges applicant guilty of the offense of aggravated robbery, it makes no mention of a deadly weapon or shotgun; neither does a parallel entry to the same effect on the docket sheet above the signature of the judge of the convicting court.

Based on all facts and circumstances in this record, so strikingly similar to *Ex parte Pruitt,* supra, we find that applicant's "understanding of his parole eligibility is manifested as an affirmative part of the plea bargain and that understanding is relied on as an essential part of the quid pro quo for pleading guilty, then [his] plea is involuntary if that part of the plea bargain is not or cannot be carried out." *Ex parte Evans,* supra.

Accordingly, applicant is entitled to relief, and it is hereby granted. The judgment and sentence in Cause No. 5948 in the 8th Judicial District Court of Franklin County are set aside and vacated. Applicant is remanded to the Sheriff of Franklin County to answer the indictment in that cause.

The Clerk of this Court shall mail a copy of this Order to the Texas Department of Corrections.

It is so ordered.

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**2.** Just as the clerk of the convicting court had forwarded by certified mail a copy of applica-

tion of writ of habeas corpus to the affected district attorney, so also the Clerk of this Court mailed a copy of our order of abatement to him. So far as the record shows he did not make an appearance in this habeas proceeding.