**Ex parte Lyndel Martin STEPHENSON.**

**No. 69671.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 7, 1987.

Jeff Blackburn, Amarillo, for appellant.

Randall Sherrod, Dist. Atty. & Vicki Howard, Asst. Dist. Atty., Canyon, Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.

On November 5, 1984, applicant, in a bench trial, pleaded guilty to the indictment charging him with aggravated sexual assault. Pursuant to the plea bargain, the

court assessed punishment at 40 years' imprisonment. No appeal was taken.

In his habeas application the applicant contends his guilty plea was not knowingly and intentionally made and that he was denied the effective assistance of counsel. He alleges that the plea bargain was for a 40–year-sentence to run concurrent with a 12–year-sentence to be imposed in another county, and that there was to be no affirmative finding as to the use of a deadly weapon in order that he might avoid the one-third "flat" calendar time requirement of Article 42.12, § 15(b), V.A.C.C.P. (then in effect)[1] for parole eligibility. Applicant further alleges that his retained counsel told him that if he accepted such plea bargain that he would be eligible for parole in approximately five years and that he relied upon his counsel's advice. He has now learned that he will not be eligible for parole for 13 years since he is subject to the one-third calendar time requirement because of the nature of the offense for which he was convicted (aggravated sexual assault). See Article 42.12, § 15(b), supra, in effect at the time.

After the habeas application was filed in the convicting district court, a stipulation of evidence was entered into which contained statements by the applicant and his trial counsel. Based thereon, the district judge entered findings of fact and conclusions of law recommending that the relief prayed for be granted. The record was forwarded to this Court.

This Court ordered an evidentiary hearing in the trial court to further develop the facts surrounding applicant's allegations. The applicant was represented by counsel at the hearing, where, regrettably, only the district attorney and his assistant testified. Thereafter the trial judge again made findings of fact and conclusions of law. This time he recommended that relief be denied and forwarded the record to this Court with the statement of facts concerning the guilty plea.

The evidence was not developed as well as it might have been. Nevertheless, in the aforesaid stipulation of facts we do find the statement of applicant's trial counsel that he gave the applicant wrong advice when he told applicant to accept the plea bargain as he would be eligible for parole in approximately five years, that he (counsel) did not know applicant would still be required to serve one-third of his sentence before parole eligibility could be acquired.

In said stipulation applicant's statement supports his allegations and further states he would not have entered into such plea bargain and pleaded guilty except for the erroneous advice.

The district attorney testified at the evidentiary hearing that after he had been approached about a possible guilty plea, he had some difficulties with the complainant about accepting the "40 years," but had succeeded in securing her approval. Later applicant's trial counsel informed him applicant "was concerned about having to do the one-third," and asked if the State would waive any affirmative finding as to the use of a deadly weapon. The district attorney testified he just wanted to have the "40 years on the offense" and that he agreed to waive the deadly weapon finding. He didn't think about the nature of the offense having any effect on the matter, and he didn't believe applicant's counsel thought of it either. He was now ready to correct the misunderstanding that occurred, that he would not "come off" the 40 years, but believed he had found a way to get 40 years and put the applicant in the position "that he had agreed to on his guilty plea."

The assistant district attorney testified she had represented the State at the guilty plea and carried out the district attorney's instructions.

■ A plea of guilty may not be rendered involuntary *simply* because a defendant received erroneous advice of counsel concerning parole eligibility and relied

1. Now see Article 42.18, § 8, V.A.C.C.P. (Acts 1985, 69th Leg., p. 2943, ch. 427, eff. Sept. 1, 1985).

on that advice in making his plea. See *Ex parte Evans*, 690 S.W.2d 274 (Tex.Cr.App. 1985), modifying *Ex parte Young*, 644 S.W.2d 3 (Tex.Cr.App.1983); *Ex parte Hughling*, 706 S.W.2d 662 (Tex.Cr.App. 1986); *Ex parte Wilson*, 716 S.W.2d 953 (Tex.Cr.App.1986). If, however, it can be said that parole eligibility was an element of the plea bargain, the plea of guilty may be rendered involuntary. See *Ex parte Pruitt*, 689 S.W.2d 905 (Tex.Cr.App.1985), where the terms of the plea bargain were impossible to fulfill.

In *Pruitt* (involving a guilty plea to aggravated robbery), the plea bargain was shown to include not only a specific recommendation as to penalty, but an agreement between Pruitt, his attorney and the district attorney that there would be no affirmative finding as to the use of a deadly weapon, and still further an agreement that Pruitt's good time credit would be considered in determining his initial parole eligibility. In the habeas proceeding involved in *Pruitt* it was held that the agreement between the parties concerning the avoidance of serving one-third calendar time before eligibility for parole elevated the agreement to the status of an element of the plea bargain. In *Pruitt*, as in the instant case, the nature of the offense prevented eligibility for parole until one-third actual calendar time had been served despite the absence of an affirmative finding as to the use of a deadly weapon. There it was held that the plea was involuntary because the plea bargain terms were impossible to fulfill.

In the instant case, as in *Pruitt*, there was a plea bargain agreement as to a specific penalty and to the fact there would be no affirmative finding as to the use of a deadly weapon. Unlike *Pruitt*, there was no *express* agreement that good time credit would be considered in determination of initial parole eligibility, however, the facts in this particular case show an implied agreement by the parties to avoid the one-third time requirement. The applicant was shown to be concerned about such time requirement, that to reach a plea bargain the parties agreed to the waiver of a deadly weapon finding in order to satisfy that concern and to avoid the one-third time requirement. A misunderstanding, now acknowledged, resulted from a lack of knowledge or proper consideration of all the applicable law on the subject. Nevertheless, it is undisputed the applicant was induced by the plea bargain to plead guilty and did not do so intentionally and knowingly. The plea was rendered involuntary. See *Pruitt*, supra, and cases there cited, 689 S.W.2d at 906, 907.

The judgment in Cause No. 4767–B in the 181st District Court is set aside and applicant is ordered released to the Sheriff of Randall County to answer the indictment in said cause.

The relief prayed for is granted. It is so ordered.