**Ex parte Ronald J. HAIRSTON.**

**No. 70265.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1989.

William Louis White, Huntsville, for appellant.

Frank Blazek, Dist. Atty., Huntsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, § 2, V.A.C.C.P. On September 4, 1986, pursuant to a plea bargain, applicant pled guilty to the felony offense of aggravated robbery. The trial court assessed punishment at 60 years imprisonment in the Texas Department of Corrections. No direct appeal was taken.

Applicant asserts that his guilty plea was not knowingly and voluntarily given because of a broken plea agreement. On December 16, 1987, we held this writ application in abeyance and ordered the convicting court to hold an evidentiary hearing so that applicant could develop his allegation with regard to the broken plea bargain. We also ordered the convicting court to make findings of fact as to whether there was a plea bargain, the terms of the plea bargain, whether applicant relied on the plea bargain in entering his plea of guilty, and whether the plea bargain was honored.

The convicting court held an evidentiary hearing and entered findings of fact and conclusions of law on applicant's claim on March 28, 1988. The judge presiding over the hearing found that applicant entered into a plea bargain with the State; that applicant offered to enter a guilty plea if the State recommended a 60 year prison sentence and he was not required to serve one-third calendar time before being eligible for parole; that applicant's attorney negotiated with a Walker County assistant district attorney for the plea bargain; that applicant's attorney advised him he did not have to serve one-third flat time on an aggravated robbery conviction; and that applicant was induced to enter his guilty

plea relying on this information. The judge concluded that applicant's plea of guilty was not voluntarily, intentionally, and knowingly made and recommended that relief be granted. The record supports the judge's findings and conclusion. We agree with the judge that relief should be granted to applicant.

In his writ application, applicant asserts that it was his understanding that he would not have to serve one-third of his sentence before he became eligible for parole if he pled guilty to the offense charged, aggravated robbery, and it was because of this agreement that he accepted the plea bargain. Robert Choate, the assistant district attorney handling this case, testified at the evidentiary hearing that he made alternative plea bargain offers to applicant's trial attorney, John McIntyre.

Choate offered, for an aggravated robbery conviction, forty years imprisonment with a deadly weapon finding, Art. 42.12 § 3g, V.A.C.C.P., or sixty years imprisonment with no affirmative finding of a deadly weapon. McIntyre testified at the hearing that Choate told him if applicant accepted the sixty year sentence with no affirmative finding of a deadly weapon he would not have to serve one-third "flat" calendar time before being eligible for parole. See Art. 42.18, V.A.C.C.P. McIntyre told Choate that he did not believe that statement was correct under the law, but Choate insisted that statement was correct under Art. 42.12 § 3g, supra.

McIntyre informed applicant of the two plea bargain offers which transpired from negotiations with Choate. McIntyre testified that he also advised applicant that he would not have to serve one-third of his sentence before becoming eligible for parole if he accepted the 60 year sentence with no affirmative finding of use of a deadly weapon. Applicant testified at the evidentiary hearing that he voluntarily entered a guilty plea to the aggravated robbery charge based upon this understanding of the terms of this plea bargain offer. Applicant believed that with no affirmative

finding entered into the judgment he would be eligible for parole in approximately six years and two months. Applicant also stated that he would not have pled guilty to the aggravated robbery charge if he had known he would have to serve one-third "flat" time before being eligible for parole.

Article 42.18 § 8(b) provides in pertinent part:

A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Subdivision (1), Subsection (a), Section 3g, Article 42.12 of this code, or if the judgment contains an affirmative finding under Subdivision (2) of Subsection (a) of Section 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years.[1]

Aggravated robbery is one of the offenses listed in Art. 42.12 § 3g(a)(1), supra, and thus applicant would not be eligible for parole until he had served twenty years of his sentence. McIntyre stated at the evidentiary hearing that neither he nor Choate knew that parole eligibility for an aggravated robbery conviction was calculated on one-third of actual calendar time served. Thus, applicant received erroneous advice from his counsel regarding his future eligibility for parole if he accepted the plea bargain offer of 60 years imprisonment.

■ We have held that erroneous advice of counsel on the subject of parole eligibility will not render a guilty plea involuntary per se. *Ex parte Stephenson*, 722 S.W.2d 426 (Tex.Cr.App.1987), citing *Ex parte Evans*, 690 S.W.2d 274, 279 (Tex.Cr.App. 1985), modifying *Ex parte Young*, 644 S.W. 2d 3 (Tex.Cr.App.1983). We discussed in *Ex parte Evans* the speculative nature of parole eligibility and parole attainment and their impact on the plea bargaining process. We discounted the legal significance

1. Article 42.18, supra, now provides for calculation of parole eligibility on a basis of one-fourth time of the maximum sentence or fifteen calendar years, whichever is less.

of parole *attainment* on the subject of voluntariness of a guilty plea, because of its speculative nature, to the extent that erroneous advice of counsel on the subject of parole *eligibility* would not render the guilty plea involuntary. *Id.* at 279. Yet, we held, *inter alia,* in *Ex parte Evans* that a guilty plea is involuntary if the appellant's understanding of his parole eligibility is "manifested as an affirmative part of the plea bargain and that understanding is relied on as an essential part of the quid pro quo for pleading guilty." Thus, for applicant to prevail in the present cause, he must show that parole eligibility was an element of the plea bargain. *Ex parte Stephenson,* supra; and *Ex parte Pruitt,* 689 S.W.2d 905 (Tex.Cr.App.1985).

■ We find from a thorough review of the record that applicant presented sufficient evidence at the evidentiary hearing on this writ to show that parole eligibility was manifested as an affirmative part of the plea bargain and that understanding is relied on as an essential part of the quid pro quo for pleading guilty.

■ The appropriate relief in this cause for failure to keep the plea agreement is withdrawal of the guilty plea. *Ex parte Austin,* 746 S.W.2d 226 (Tex.Cr.App.1988), and cases cited therein. Therefore, the judgment in Cause No. 14,106–C in the 278th District Court is set aside and applicant is ordered released to the Sheriff of Walker County to answer the indictment in this cause. A copy of this opinion will be furnished the Texas Department of Corrections by the Clerk of this Court.

The relief prayed for is granted. It is so ordered.