IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-023-CR




MICHAEL EDWARD SUTTERFIELD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR92-023, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 





PER CURIAM

 After accepting appellant's guilty plea, the district court found him guilty of
possessing diazepam. Texas Controlled Substances Act, Tex. Health & Safety Code Ann.
§ 81.117 (West 1992). Pursuant to a plea bargain agreement, the court assessed punishment at
imprisonment for two years and a $5000 fine.

 In two points of error, appellant complains that he was not properly admonished
as to the range of punishment and that the district court erroneously refused to permit him to
withdraw his plea. We do not reach these contentions because we find fundamental error
requiring that the judgment of conviction be reversed. We first address, however, the State's
contention that appellant waived his right to appeal.

 Appellant entered his plea of guilty before the district court on July 6, 1992. On
that same day, appellant, his trial counsel, and the district court signed a "guilty plea
memorandum" in which, among other things, appellant waived his right to appeal. Although
appellant's guilty plea was accepted by the court on July 6, the district court did not adjudge
appellant guilty and impose sentence until November 10, 1992. Because the written waiver of
appeal was signed before sentence was imposed, it was premature and not binding on appellant. 
Ex parte Thomas, 545 S.W.2d 469 (Tex. Crim. App. 1977); Ex parte Townsend, 538 S.W.2d 419
(Tex. Crim. App. 1976). The State does not contend and the record does not reflect that appellant
waived his right of appeal after sentence was imposed.

 Appellant judicially confessed to possessing more than 400 grams of diazepam, the
offense alleged in count three of the indictment. (1) The judgment of conviction recites that appellant
was adjudged guilty of "the Felony Offense of POSSESSION CONTROLLED SUBSTANCE --
DIAZEPAM." Possession of more than 400 grams of diazepam is, as it was on November 16,
1991, the date of the offense, an aggravated offense punishable by imprisonment for life or for
a term of not more than ninety-nine years or less than ten years, and a fine not to exceed
$100,000. Section 481.117(c), (d)(2). Possession of 200 grams or more but less than 400 grams
of diazepam is also an aggravated offense, punishable by imprisonment for life or for a term of
not more than ninety-nine years or less than five years, and a fine not to exceed $50,000. Section
481.117(c), (d)(1). Possession of less than 200 grams of diazepam is a class A misdemeanor,
punishable by confinement in jail for a term not to exceed one year and a fine not to exceed
$3000. Section 481.117(b); Tex. Penal Code Ann. § 12.21 (West Supp. 1993). There is no
circumstance under which possession of diazepam is a felony offense punishable by a term of
imprisonment of two years and a $5000 fine. Because the judgment in this cause imposes a
sentence not authorized by law, it is void. See Ex parte Spaulding, 687 S.W.2d 741 (Tex. Crim.
App. 1985); Bogany v. State, 661 S.W.2d 957 (Tex. Crim. App. 1983); Ex parte McIver, 586
S.W.2d 851 (Tex. Crim. App. 1979). Because appellant's bargained plea of guilty was premised
on the court assessing this unauthorized sentence, the plea was involuntary. See Ex parte Pruitt,
689 S.W.2d 905 (Tex. Crim. App. 1985).

 The judgment of conviction is reversed and the cause is remanded to the district
court for new trial.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded

Filed: November 10, 1993

Do Not Publish

1.   The other counts accused appellant of drug-related organized criminal activity. Tex.
Penal Code Ann. § 71.02 (West Supp. 1993).