Ex parte Larry Wayne TRAHAN.

No. 70948.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 13, 1989.

Curtis Mason, Huntsville, for appellant.

Tom Maness, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is an application for writ of habeas corpus filed pursuant to the provisions of Art. 11.07, § 2, V.A.C.C.P. Applicant was convicted upon his guilty plea of aggravated kidnapping, V.T.C.A. Penal Code § 20.04(a)(4), and his punishment, enhanced by a prior felony conviction, was assessed at fifty years confinement in the Texas Department of Corrections. No direct appeal was taken.

In his writ application, applicant contends his guilty plea was involuntary because it was based on the promise that he would become eligible for parole consideration after serving one-quarter of the time assessed when, in fact, he would not be eligible for such consideration until he had served one-third of his sentence. See and compare Art. 42.18, § 8(b), V.A.C.C.P. (1986), and Art. 42.18, § 8(b)(1), V.A.C.C.P. (1988). The trial court entered findings of fact and conclusions of law stating applicant had failed to allege facts entitling him to relief and recommended relief be denied. This Court, however, disagreed, held the writ in abeyance and ordered the trial court to hold an evidentiary hearing to allow applicant to more fully develop his allegations.[1]

The trial court conducted the evidentiary hearing on May 5, 1989, which revealed the procedural history of this cause. The initial plea hearing was held August 10, 1987, at which time the State's punishment recommendation was forty years imprisonment. The plea memorandum reflects applicant would become eligible for parole consideration after having served one-third of his sentence. Applicant agreed to these terms, the trial judge accepted applicant's guilty plea, and the case was reset for

1. Applicant attached to his writ application a plea memorandum dated October 5, 1987, which supported his assertion of the terms of his plea bargain. The State, in its response, also attached a plea memorandum dated August 10, 1987, to its pleading but which was contradictory of applicant's assertion regarding the terms of the plea agreement. The judgment in this cause was dated October 5, 1987.

August 31, 1987, for a presentence investigation report.

At the sentencing hearing on August 31, 1987, the trial judge expressed concern over the amount of time applicant would serve in the penitentiary for his conviction in this cause since his forty year sentence was to run concurrently with a parole revocation sentence.[2]  The record from this hearing, which was admitted as an exhibit at the evidentiary hearing on this writ, clearly indicates both the State and the trial judge wanted applicant to serve thirteen years (approximately one-third of forty) before being eligible for parole.  The trial judge decided to reset the sentencing hearing so that the prosecutor could determine the effect of the concurrent sentences on applicant's eligibility for parole.  The trial judge also rejected the previous plea bargain agreement pending a psychiatric examination of applicant.

A second hearing on applicant's plea of guilty was held October 5, 1987.  The competency report had been tendered to the trial court, and it reflected applicant was sane at the time of the offense, sane at the present time, and competent to stand trial.  At this hearing the State recommended a punishment of fifty years confinement which was agreed to by applicant.  The trial court accepted applicant's judicial confession and the guilty plea and sentenced applicant to fifty years confinement in the penitentiary.  The plea memorandum from this date reflects that applicant would become eligible for parole when his actual time served equaled one-fourth of his sentence.[3]

The record from the evidentiary hearing indicates the reason for the increase in the State's punishment recommendation from forty years imprisonment to fifty years and applicant's acceptance thereof.[4]  Both applicant and his trial counsel, Thomas Roebuck, Jr., testified at the hearing that the terms of the plea bargain were changed on October 5, 1987, because of the amendment to the adult parole law.  Roebuck stated the trial judge, the Honorable Leonard Giblin, was concerned that the amended section in Art. 42.18, § 8(b)(1), providing for parole eligibility after one-fourth of the prison sentence is served, would apply to applicant's cause since he was being sentenced after the effective date of the amendment.  According to Roebuck, there may also have been some input from the State that the amended version of the statute was applicable to applicant's sentence.  Roebuck believed, however, that since applicant committed this offense prior to September 1, 1987,[5] the adult parole law in effect at time of commission of the offense would govern applicant's parole eligibility, i.e., the one-third provision, which opinion he expressed to applicant.  Applicant then accepted the terms of the State's plea bargain.  The judgment reflects applicant's sentence is for fifty years, and the plea memorandum reflects parole eligibility arises after one-fourth of the sentence has been served.  Applicant subsequently discovered his parole eligibility was being determined pursuant to the pre-amendment version of Art. 42.18, i.e. the one-third provision, and filed this writ.

2.  The record reflects applicant had already served ten years in the penitentiary for a prior conviction, and the trial judge was concerned this time would be "back credited" to this sentence of forty years.

3.  The typewritten notation of one-third for parole eligibility had been scratched through and replaced with the handwritten notation of one-fourth.

4.  At the time of the initial plea hearing on August 10, 1987, the adult parole law provided, in pertinent part, that a person convicted of aggravated kidnapping was "not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third" of his sentence.  Art. 42.18, § 8(b).  On September 1, 1987, an amendment to this article became effective which changed the applicable time requirements for parole eligibility from one-third to one-fourth of the sentence.  Art. 42.18, § 8(b)(1).  Applicant's sentencing hearing, wherein the terms of the plea bargain were agreed to and accepted, was finally held on October 5, 1987, obviously after the effective date of the amendment.

5.  The indictment charged applicant with the commission of this offense on or about February 25, 1987.

Applicant testified at the evidentiary hearing that the District Attorney "insisted" on a fifty year prison term since he believed the amended version of Art. 42.18 was applicable to applicant's sentencing. Applicant admitted there was confusion as to which version of the adult parole law would apply to his sentence, but stated he would not have agreed to the fifty year sentence and signed the plea memorandum if the fraction relating to parole eligibility had not been changed to one-fourth. In applicant's mind the fifty year sentence with parole eligibility arising after one-fourth of the sentence served was comparable to the State's original plea bargain offer of a forty year sentence with parole eligibility arising after one-third of the sentence served. The change in the parole eligibility fraction to one-fourth was the decisive factor in applicant's decision to accept the State's plea offer. Regardless of the confusion surrounding the applicability of the adult parole law, applicant expected the fifty year, one-fourth provisions to be fulfilled since all parties agreed to the terms and the trial judge signed the agreement in court.

The trial judge again entered findings of fact and conclusions of law after the evidentiary hearing. Most significantly, the trial judge found the new plea bargain of fifty years with the modification of the parole eligibility terms was "to satisfy the Court's express concern that Applicant should serve as a minimum approximately 13 years" in prison before becoming eligible for parole. Moreover, the trial judge concluded this plea bargain agreement was "relied upon as part of the quid pro quo for pleading guilty without which Applicant would not have pled guilty." These findings and conclusions, among the others in the record, are supported by the record and adopted by this Court. We agree with the trial judge's conclusion that applicant should be granted the requested relief.

This Court has held numerous times that for an applicant to prevail on a claim that erroneous advice of counsel on parole eligibility rendered involuntary his guilty plea, the applicant must show that parole eligibility was an affirmative part or element of the plea bargain. See e.g. *Ex parte Hairston*, 766 S.W.2d 790 (Tex.Cr.App.1989); *Ex parte Stephenson*, 722 S.W.2d 426 (Tex.Cr.App.1987); and *Ex parte Pruitt*, 689 S.W.2d 905 (Tex.Cr.App.1985). This burden is placed on applicant because of the speculative nature of parole attainment. *Ex parte Evans*, 690 S.W.2d 274 (Tex.Cr.App.1985). We have also granted relief to a habeas corpus applicant where the applicant entered a guilty plea upon the erroneous admonishment of the trial judge. See *Ex parte Smith*, 678 S.W.2d 78 (Tex.Cr.App.1984).

In the present cause, applicant's trial attorney did not give applicant erroneous advice on parole eligibility since it was his opinion, which was correct, that the law in effect at the time of commission of the offense (the one-third provision) was applicable.[6] Applicant's attorney, however, was aware of pending cases "that had been suggested that the one-fourth would apply," and he advised applicant accordingly. It was the trial judge and the prosecutor who believed the amended provision of the parole law would apply and therefore insisted upon the increased prison term for applicant. Given the uncertainty of his trial counsel's advice as to applicability of the parole law provisions and the insistence by the State and the trial judge that the one-fourth provision applied to his sentence, applicant accepted the proffered plea bargain of the increased sentence.

Under the facts presented in this record, it is clear parole eligibility was an affirmative part of applicant's plea bargain, and we conclude applicant has shown his plea of guilty was not voluntarily entered. The record overwhelmingly supports the conclusion that the confusion regarding the applicability of the adult parole law and the trial judge's and prosecutor's erroneous insis-

---

6. Section 8(b) of Acts 1987, 70th Leg., ch. 384, provides if the sentence is for an offense committed before the effective date of the amendment, the prisoner's parole eligibility is covered by the law in effect when that offense was committed, and the former law is continued in effect for that purpose.

tence as to which version of the law was applicable led to applicant's agreement to the plea bargain offer of fifty years confinement with parole eligibility arising after one-fourth of the term served. Clearly, applicant was harmed by the misapprehension of the parole eligibility law.[7]

Under the adult parole law in effect at the time of the commission of this offense, the terms of the plea bargain cannot be performed. Thus, the parties have entered into an impossible plea bargain, and the appropriate relief is the withdrawal of the guilty plea.

The relief sought is granted. The judgment in Cause No. 48870 is set aside and applicant is ordered released to the Sheriff of Jefferson County to answer the indictment in this cause. A copy of this opinion will be furnished the Texas Department of Corrections by the Clerk of this Court.

DAVIS, J., concurs in the result.

WHITE, J., not participating.

---

7. Compare *Hurwitz v. State,* 700 S.W.2d 919 (Tex.Cr.App.1985), wherein we held appellant was not harmed or misled by the trial judge's incorrect admonishment on punishment range because he knew the admonishment may have been incorrect and he was aware he had bargained for the minimum punishment regardless of the uncertainty in the law.