NUMBERS 13-00-300-CR AND 13-00-301-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


___________________________________________________________________

MICHAEL RAY ROYAL, Appellant,

v.

THE STATE OF TEXAS, Appellee.

___________________________________________________________________

On appeal from the 197th District Court of Cameron County, Texas.

__________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez

Appellant, Michael Ray Royal, was charged with two offenses of aggravated robbery. (1) He pleaded guilty
to both offenses. The court ordered a pre-sentence investigation (PSI), and subsequently assessed
punishment at forty years confinement in the Texas Department of Criminal Justice for each offense, the
sentences to run concurrently. By three issues, (2) appellant contends that the PSI report was used for
improper purposes, and that his pleas of guilty were involuntary. We affirm.

By his first issue, appellant claims the trial court improperly used the PSI report as the sole basis for
determining his sentences. Article 37.07, section 3(d) of the Texas Code of Criminal Procedure provides
that the court may order a PSI and, after considering it and hearing evidence offered pursuant to section
3(a), the court shall assess punishment. See Tex. Code Crim. Proc. Ann. art. 37.07 § (3)(d) (Vernon
Supp. 2001). Article 37.07(3)(a) states that the State and the defendant may offer evidence as to any
matter the court deems relevant to sentencing, including but not limited to the prior criminal record of
defendant, his general reputation, his character, an opinion regarding his character, the circumstances of
the offense for which he is being tried, and any other evidence of an extraneous crime or bad act. See id.
at § (3)(a). Evidence submitted pursuant to article 37.07(3)(a), however, is not mandatory. See id.;
Tamminen v. State, 653 S.W.2d 799, 802 (Tex. Crim. App. 1983). Furthermore, once a defendant
enters a guilty plea, either to the trial court or to the jury, the proceeding in the trial court becomes a
unitary proceeding and the only issue before the trial court is the punishment to be assessed. See Carroll
v. State, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998); Williams v. State, 674 S.W.2d 315, 318
(Tex. Crim. App. 1984); Ricondo v. State, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh'g)
(en banc); Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972).

Additionally, the court shall allow the defendant to comment on the PSI and, with the court's approval,
the defendant may introduce testimony or other information alleging a factual inaccuracy in the
investigation or report. See Tex. Code Crim. Proc. Ann. art. 42.12, § (9)(e) (Vernon Supp. 2001);
Stancliff v. State, 852 S.W.2d 639, 641 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). The
defendant bears the burden of proving that the information contained in a PSI report was materially
inaccurate and that the judge relied on inaccurate information. See Stancliff, 852 S.W.2d at 641.

In the present case, one judge presided over the entire proceeding. The court accepted appellant's pleas
of guilty and imposed the sentences. When appellant pleaded guilty to the two aggravated robberies he
stipulated to the truth and correctness of the State's exhibits. Exhibit two included the investigative
report of Detective Richard V. Turner. (3) The exhibit also contained the affidavits of the police dispatcher
and certain eyewitnesses, as well as the voluntary statements of appellant and his alleged accomplice. (4) 
At sentencing, the court had this evidence, in addition to the PSI report, to aid it in reaching its decision.

 Our review of the record reveals appellant did not attempt to offer any evidence that the PSI report was
factually inaccurate or that the judge relied on inaccurate information. The record from the punishment
hearing is not limited to the PSI report and there is no indication in the record that the trial court
considered only the report in its determination of punishment.

We conclude the PSI report was not the only basis the trial court used to determine punishment. 
Appellant's first issue is overruled.

In issue two, appellant challenges the voluntariness of his guilty pleas. Appellant complains that his pleas
were entered involuntarily because the court relied almost wholly on the written admonishments to meet
the requirements of article 26.13 of the Texas Code of Criminal Procedure. Article 26.13 lists the
admonishments that a court must give to a defendant upon entry of a guilty plea. See Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001). In addition to the written admonishments, (5) about
which appellant does not complain, the following exchange occurred in open court.

The Court: Mr. Royal, you have signed the Admonitions of the court to the Defendant. Do you
understand that in signing this what you are telling me is that you are pleading guilty and you are asking
that I find you guilty?

The Defendant: Yes, I do.

The Court: You understand that the range of punishment is the same in both cases, and it's for a term of
not less than five years nor more than 99 years and a fine not to exceed $10,000?

The Defendant: Yes, I do.

The Court: Are you a U.S. citizen?

The Defendant: Yes, I am.

The Court: Did anybody force you or coerce you into entering this plea?

The Defendant: No they haven't.

The Court: Are you entering this plea because you are guilty and for no other reason?

The Defendant: Yes, I am.

The Court: Mr. Pena, have you had sufficient time to consult with your client and is he competent to
enter into this plea?


Mr. Pena: Yes, Your Honor. I've had more than sufficient time to discuss this with my client, and I feel
he is competent.

Where the record indicates, as it does in this case, that the trial court gave an admonishment, there is a
prima facie showing of a knowing and voluntary plea of guilty. See Harvill v. State, 13 S.W.3d 478, 480
(Tex. App.--Corpus Christi 2000, no pet.) (citing Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim.
App. 1985)). The burden then shifts to the defendant to show that he entered the plea without
understanding the consequences of his action and consequently suffered harm. See Tex. Code Crim.
Proc. Ann. art. 26.13(c) (Vernon 1989); Harvill, 13 S.W.2d at 480. Appellant has not established that he
pleaded guilty without understanding the consequences of his plea and, thereby, suffered harm. Since the
trial court substantially complied with the requirements of article 26.13 and appellant has failed to show
that he was harmed by the admonishment of the court, we conclude appellant's pleas were not
involuntary on this basis.

Appellant also asserts his plea was involuntary because the court failed to properly admonish him prior to
his pleas of guilty pursuant to the factors outlined in Boykin v. Alabama, 395 U.S. 238, 243 (1969). 
Appellant contends that the following Boykin factors must be shown on the record: (1) waiver of his
constitutional right against self-incrimination; (2) waiver of his right to trial by jury; (3) waiver of his right
to confront witnesses against him; (4) a clear indication that appellant understood his rights; and (5) a
clear indication that waiver of these rights was voluntary and freely made. See Boykin, 395 U.S. at 243. 
The record does establish that the court addressed the first three factors in appellant's written waiver and
consent to stipulation of testimony, waiver of jury, and plea of guilty. Furthermore, the above analysis of
the requirements of article 26.13 establishes the final two factors. Appellant's second issue is overruled.

By his third issue, appellant complains that his pleas were rendered involuntary because he did not
understand and was not informed of the parole consequences of his plea. However, article 26.13(a) does
not require such a disclosure. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001). 
Furthermore, parole eligibility is a collateral consequence of the entry of a plea of guilty, and a trial court is
not required to admonish a defendant regarding his eligibility for parole. See Ex parte Young, 644 S.W.2d
3, 4-5 (Tex. Crim. App. 1983) overruled in part on other grounds by Ex Parte Evans, 690 S.W.2d 274,
279 (Tex. Crim. App. 1985); Harvill, 13 S.W.3d at 480; see also Ex parte Hairston, 766 S.W.2d 790,
791-92 (Tex. Crim. App. 1989) (speculative nature of parole attainment is such as to discount its legal
importance on subject of voluntariness of guilty plea). However, a guilty plea may be found to be
involuntary if appellant establishes that his attorney gave incorrect advice or the trial judge incorrectly
admonished on parole eligibility and parole eligibility was an affirmative part or element of the plea
bargain. See Ex parte Trahan, 781 S.W.2d 291, 293 (Tex. Crim. App. 1989).

Under Young, appellant was not entitled to be informed of parole eligibility by the trial court. Although
appellant contends he did not understand the parole consequences of his pleas, he does not assert that
either his attorney incorrectly advised him or that the trial court incorrectly admonished him about his
eligibility for parole. Nor can he contend that parole eligibility was a part of his plea agreement because
he pleaded guilty without entering into an agreement. Appellant's sole complaint is that the court did not
admonish him regarding his eligibility. Accordingly, we overrule appellant's third issue.

The trial court's judgments are AFFIRMED. 

NELDA V. RODRIGUEZ

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed

this 16th day of August, 2001.

1. See Tex. Pen. Code Ann. § 29.03(a) (Vernon 1994).
2. Appellant brings two appeals, one from cause number 99-CR-1250-C and the second from 99-CR-1251-C. 
Because the issues are identical, we will address both appeals in one opinion.
3. Detective Turner's report included, inter alia, a description of appellant's voluntary statement and reference to
appellant having been "arrested and charged in six robberies, with a dangerous weapon."
4. Both statements included information regarding appellants' prior criminal record, his general reputation, his
character, and the circumstances of the offense for which he was being tried.
5. "The court may make the admonitions required by this article either orally or in writing." Tex. Code Crim. Proc.
Ann. art. 26.13(d) (Vernon 1989).