COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-00-492-CR
 
SCOTT ARTHUR EDWARDS           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY
------------
OPINION
------------
Background
Appellant pled nolo contendere to
indecent exposure on October 26, 1999. Pursuant to a plea bargain between
Appellant and the State, the trial court deferred a finding of guilt and placed
Appellant on community supervision for two years. On May 16, 2000, the State
moved for an adjudication of guilt, alleging that Appellant had failed to
participate in a sex offenders' program as ordered by the trial court. Appellant
pled not true to the allegation. After presentation of evidence on the matter,
the trial court found that the allegation was true, found Appellant guilty of
indecent exposure, and sentenced him to 270 days in jail. This sentence was
illegal because it exceeded the statutory maximum sentence of 180 days'
confinement.(1)
Appellant filed a pro se notice
of appeal. Appellant's appointed attorney filed an Anders brief in this
Court and moved to withdraw, and this Court abated the appeal to allow for the
appointment of new counsel. At the abatement hearing, the trial court sought to
correct its earlier judgment and changed Appellant's sentence to 180 days in
jail.
Legal Analysis
Appellant brings five points on appeal,
arguing that the trial court reversibly erred in sentencing him nunc pro tunc in
absentia (points one and two); that he was denied effective assistance of
counsel at punishment and at the abatement hearing (points three, four, and
five); and that he was denied due process of law at punishment and at the
abatement hearing (points three, four, and five). We reverse and remand the case
for a new hearing on punishment.
Illegal Sentence
In his first and second points, Appellant
complains that the imposition of the illegal sentence was reversible error. He
further complains that the nunc pro tunc order could not lawfully correct his
illegal sentence. Additionally, he complains that the corrected sentence was
imposed in his absence, violating article 32.14 of the Texas Code of Criminal
Procedure.
The State concedes that the trial court
could not lawfully correct the illegal sentence originally imposed through a
nunc pro tunc order. The State argues that this court should either reform
Appellant's sentence to reflect the true maximum of 180 days in jail or that the
case should be remanded to the trial court for a new punishment hearing only.
When punishment pursuant to a negotiated
plea bargain agreement exceeds the statutory maximum, the proper relief is to
return the parties to their respective positions before the guilty plea was
entered; that is, void the conviction.(2) 
But the State argues that the case before us is different, and that voiding
Appellant's conviction is not the appropriate remedy. The State argues that
although there was a plea bargain for deferred adjudication, "[t]he
sentence that Appellant received after his adjudication was not the result of a
plea bargain." That is, the State argues that the case now before us is not
a plea-bargained case because the plea bargain was completed when the trial
court granted deferred adjudication community supervision.
We agree with the State's position. Unlike plea bargains resulting in
regular community supervision, which limit the maximum sentence imposed after
revocation to that imposed when community supervision was granted, the plea
bargain that results in deferred adjudication community supervision is completed
at the time the defendant is placed on deferred adjudication community
supervision.(3) The
entire range of punishment remains open to the trial judge after adjudication.(4)
Consequently, the plea bargain in the case before us
did not encompass the adjudication and sentence. We
therefore hold that because the illegal sentence of 270 days was not the result
of a plea bargain, voiding Appellant's conviction and sentence is not the
appropriate remedy. The rule is well established that when reversible error
occurs in the punishment phase of the trial, an appellant is entitled to a new
hearing on punishment only.(5)
Sentence in Absentia
Appellant also complains that the new sentence was entered in his
absence. An appellant convicted of a misdemeanor for which the maximum
punishment is confinement must be present at sentencing.(6)
The trial court thus erred by imposing sentence in
Appellant's absence. We sustain Appellant's first and second points on appeal.
Conclusion
Because of our disposition of these points, we do not reach Appellant's
remaining points on appeal.(7) Accordingly,
we reverse the trial court's judgment on punishment and remand this case to the
trial court with instructions to conduct a new punishment hearing.
 
          
           
           
           
           
        LEE
ANN DAUPHINOT
          
           
           
           
           
        JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.
PUBLISH
DELIVERED: May 8, 2003

1. Hern v. State, 892 S.W.2d 894, 896 (Tex. Crim.
App. 1994); see Tex. Penal Code Ann. § 21.08(b) (Vernon 2003)
(providing that the offense is a class B misdemeanor); id. § 12.22 (2)
(providing that maximum confinement for a class B misdemeanor is 180 days).
2. Ex parte Beck, 922 S.W.2d 181, 182
(Tex. Crim. App. 1996); Ex parte Miller, 921 S.W.2d 239, 239 (Tex.
Crim. App. 1996); Ex parte Trahan, 781 S.W.2d 291, 293 (Tex. Crim. App.
1989).
3. Vidaurri v. State, 49 S.W.3d 880, 887-88 (Tex.
Crim. App. 2001) (Womack, J., concurring).
4. Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim.
App. 2002); Vidaurri, 49 S.W.3d at 885; Watson v. State, 924
S.W.2d 711, 714 (Tex. Crim. App. 1996).
5. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.
2003); Rent v. State, 982 S.W.2d 382, 385-86 (Tex. Crim. App. 1998); Grimes
v. State, 807 S.W.2d 582, 587-88 (Tex. Crim. App. 1991).
6. Millman v. State, 487 S.W.2d 750, 752 (Tex.
Crim. App. 1972).
7. See Tex. R. App. P. 47.1.