

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00193-CR

---

SIMON MORENO III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 77,766-C-CR, Honorable Ana Estevez, Presiding

---

June 29, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Simon Moreno III, appellant, pleaded guilty to indecency with a child by sexual contact, a second-degree felony.[1]  In his sole issue on appeal, he contends that an incorrect statement by the trial court regarding his parole eligibility rendered his plea involuntary.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

BACKGROUND

Appellant waived his right to a jury trial and entered an open plea of guilty. During the hearing on appellant's plea, the trial court confirmed that he was competent, that he wished to plead guilty, and that nothing had been promised to him in exchange for his plea. The trial court informed appellant that, if he was convicted, the range of punishment was from two to twenty years in prison and a fine of up to $10,000, and that appellant would have to register as a sex offender. The trial court then stated:

> You also understand that if you are put on probation and you later have your probation revoked and you end up serving a sentence, that this is considered a 3G offense. Which means that you would have to serve at least half your time day for day until that time equals at least half of your time, with a minimum being two (2) years. So if you had a 2-year or 3-year or 4-year sentence, you would have to serve at least two (2) days [sic], day for day, before you would ever be eligible for parole; and, usually it is closer to eighty (80) percent. You understand that?

Appellant acknowledged that he understood.

The trial court also questioned appellant about the judicial confession that he had signed. Appellant confirmed that he knew what the confession was, signed it freely and voluntarily, and had not been promised anything in exchange for it. The judicial confession stated, "No one has promised me anything, including probation, a pardon, or early parole in order to cause me to enter a plea to the charge herein."

Following further admonishments, the trial court accepted appellant's guilty plea and ordered the preparation of a presentence investigation report. At the evidentiary hearing two weeks later, the trial court found appellant guilty of the offense and sentenced

him to eight years' confinement in the Texas Department of Criminal Justice, plus a $500 fine.

Appellant filed this appeal, in which he argues that his plea was rendered involuntary because the trial court incorrectly advised him regarding his parole eligibility.

## ANALYSIS

No plea of guilty shall be accepted by the court unless it appears the defendant is mentally competent and the plea is free and voluntary. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b). Before accepting a plea of guilty, the trial court must admonish the defendant of the range of punishment attached to the offense, among other things. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1).

Article 26.13 does not require a court to admonish a defendant about parole eligibility. However, a guilty plea may be found to be involuntary if an appellant establishes that his attorney gave incorrect advice or the trial judge incorrectly admonished on parole eligibility and parole eligibility was an affirmative part or element of the plea bargain. *See Ex parte Trahan*, 781 S.W.2d 291, 293 (Tex. Crim. App. 1989). Here, there is no claim and no showing that appellant's parole eligibility was an affirmative part or element of his plea agreement, and indeed appellant cannot establish this element because he pleaded guilty without entering into a plea agreement. Therefore, he cannot prevail on his claim under *Ex parte Trahan*. *See id.*

We next consider the trial court's admonition to determine whether it substantially complied with the requirements of article 26.13. Article 26.13(c) provides that substantial compliance with the statute is sufficient "unless the defendant affirmatively shows that he

3

was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c). A failure to admonish under article 26.13 is subject to review for harmless error. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 476 (Tex. Crim. App. 2003) (en banc).

The record shows appellant was admonished orally and in writing on the correct punishment range for a second-degree felony and that the sentence given was within the prescribed range. But appellant maintains that his plea was involuntary because the trial court misinformed him about his eligibility for parole when it "incorrectly advised [him] that he would be eligible for parole after two days." When reviewing the trial court's statement in its full context, the record reveals that the trial court simply misspoke. The trial court advised appellant that he "would have to serve at least half [his] time, day for day . . . with a minimum being two years." The trial court's following statement, intended to illustrate the effect of a two-, three-, or four-year sentence, would only make sense if the court stated that appellant would have to serve at least two *years* before becoming eligible for parole. Thus, the trial court misspoke when it stated that appellant would have to serve at least two *days*. Even so, the trial court had, just moments before, correctly advised appellant that he would have to serve at least two years. We conclude that the trial court substantially complied with the requirements of article 26.13. *See, e.g., Goff v. State*, Nos. 05-18-00997-CR, 05-18-00998-CR, 2019 Tex. App. LEXIS 5624, at *12 (Tex. App.—Dallas July 3, 2019, no pet.) (mem. op.) (not designated for publication) (finding substantial compliance with article 26.13 where trial court misspoke regarding range of punishment but provided correct information orally and in writing).

4

Once it is established that the trial court substantially complied with article 26.13, the burden shifts to the appellant to show that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(c). Appellant has offered no evidence or citation to the record indicating that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's incorrect admonishment. The record reflects that appellant testified at the plea hearing that he wished to plead guilty and did so freely and voluntarily, even before the trial court's discussion of parole eligibility. Similarly, appellant had signed his judicial confession, indicating that his plea was not made based on any promise of parole, prior to the trial court's admonishment. After reviewing the record, we conclude that appellant has not met his burden of showing that he entered his plea without understanding the consequences of his actions and that he was misled or harmed. *See McCowan v. State*, 961 S.W.2d 24, 27 (Tex. App.—Dallas 1996, no pet.). We overrule appellant's issue.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm his conviction.

Judy C. Parker
Justice

Do not publish.

5